## JACKSON *v.* THE STATE.

The evidence in this case fails to show that the pistol was taken from the prosecutor without his knowledge, and the circumstances of the taking do not make it satisfactorily to appear that such taking was done with intent to steal.

Argued October 22, — Decided November 13, 1902.

Accusation of larceny from the person. Before Judge Taliaferro. City court of Sandersville. September 10, 1902.

*J. A. Robson,* for plaintiff in error.
*J. E. Hyman, solicitor,* contra.

LITTLE, J. The plaintiff in error was tried, on an accusation in the city court of Sandersville, for the offense of larceny from the person. The accusation charges that he wrongfully and fraudulently took a certain pistol from the person of the prosecutor, Copeland, privately and without his knowledge, with intent to steal the same. He was convicted, and made a motion for a new trial on the grounds that the verdict was contrary to law and the evidence, and without law or evidence to support it. The motion being overruled, he excepted. The contention of counsel for the plaintiff in error is that the evidence fails to show that the accused took the pistol with intent to steal the same, and that therefore the verdict is contrary to law and the evidence. Larceny from the person is defined by our Penal Code, § 175, to be " wrongful and fraudulent taking of money, goods, or any article of value, from the person of another, privately, without his knowledge, in any place whatever, with intent to steal the same." It will be noted that this definition varies from that of simple larceny (Penal Code, § 155) in that in larceny from the person the taking must be privately and without his knowledge. In the case of *Moye* v. *State*, 65 *Ga.* 754, this court ruled that the crime could not be completed if the owner of the property had knowledge that it was being taken. Again, no grade or character of larceny is complete unless, accompanying the taking, there is an intent to steal. It is true that as a general proposition the intent may be manifested by the circumstances, but these circumstances must always be sufficient to indicate that the intention to steal existed. This court, in the case of *Patterson* v. *State*, 85 *Ga.* 134, quoted approvingly from a Michigan case a statement that the "general rule is well settled, to which there are few, if any, exceptions, that when a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found by the jury, as a matter of fact, before a conviction can be had." Mr. Wharton in the first volume of his Criminal Law, § 885, on authority, states the general rule to be that " taking goods, not with the intention of depriving the owner of his property in them, but with the object of temporarily using them and then returning them, is not larceny;" and (§ 886) that "the mere borrowing without fraudulent intent is not larceny." Mr. Bishop in the second volume of his New Criminal Law, § 840 (5), after citing quite a num-

ber of cases, declares that by all opinions the taking, to be felonious, must be more than a mere trespass, whether careless or intended. And Mr. Clark in his work of Criminal Law, p. 279, while treating on the manner of taking involved in a larceny, declares that though larceny is generally regarded as a secret crime and conveys the idea of stealth, it is not necessary that the taking should be done secretly. An open taking may constitute the crime, if there is the necessary animus furandi, or felonious intent, though the fact that there was no stealth or intended concealment may tend to show the absence of such intent. Quite a number of such cases are cited by Mr. Rapalje in note 2 on page 23 of his work on Larceny and Kindred Offenses, which support the proposition that the articles taken must have been taken fraudulently and secretly, with the felonious intent of permanently depriving the owner of them. In section 25 of the same work the author cites authorities which support the proposition he lays down, that the taking of the property of another with the intent of depriving the owner only temporarily of it is not larceny. See also *Causey* v. *State*, 79 *Ga.* 564, as to the effect of a public taking.

The evidence of the prosecutor, who was the only witness for the State, is to the following effect: Between the hours of sunset and dark, at a public place — Buffalo Bridge — in Washington county, he was lying down and saw the accused walking towards the place where he was; he had his back to him and had a pistol in the back pocket of his pants; he felt some one taking his pistol, and turning saw Jackson walking away with it in his hand; when he felt the pistol leaving his pocket he endeavored to catch hold of it, but missed it. The pistol was a borrowed one, and belonged to a man by the name of Dudley; the accused returned the pistol to Dudley in about six weeks; he did not follow the accused when he took the pistol, for the reason that he was afraid he would be shot. There were a number of persons on the ground at the time. He testifies, in the same connection, that the pistol was taken privately and without his knowledge. The latter statement must be discredited, because of his evidence that he saw Jackson walking towards him and felt some one taking the pistol from his pocket. Hence, he did have knowledge that it was being taken. The explanation given by the accused, which was not in any way controverted except in the foregoing evidence of the prosecutor, was, that

a large crowd were at the bridge; that Copeland was lying on the ground with a lot of other persons, and his pistol was sticking out of his hip pocket; that he thought he would have a little fun out of the prosecutor, and walked up to him and took his pistol out and walked on off with some young ladies with the pistol in his hand; that if the prosecutor said anything at the time, he did not hear it; that he had no intention of keeping the pistol, although he did not return it to Dudley to whom it belonged, as soon as he could have done so; that the pistol was taken in broad open daytime, and that a half dozen men saw him take it and walk off with it. The jury were not, of course, obliged to believe any part of this statement of the accused. It was, however, a very material point, considering the testimony of the prosecutor, to show the intention of the accused in taking the pistol; and the circumstances that other persons were present and saw him take it, and that it was taken in the open day, tended very greatly to show the intention; and the meagerness of the evidence for the State on these points is a significant fact. Indeed, while the statement is fuller as to details, it does not seem to be contradictory of the evidence of the prosecutor; for he does not state that it was dark at the time of the taking, but that it was between sunset and dark. In another particular his evidence would tend to show that other persons saw or might have seen the taking; for he states that there were several other persons on the ground. Another significant circumstance which tends to show that the prosecutor did not at the time regard the taking as having been feloniously done is that he did not follow the so-called thief or attempt to recover the property, although there were a number of other persons present, on whom he could have called for assistance. We are of the opinion that the evidence does not satisfactorily show that the pistol was taken from the person of the prosecutor without his knowledge, nor does it satisfactorily show, under the rules of law to which we have above referred, that the pistol was taken with intent to steal the same. The taking was of course a trespass and wrongful, but in the absence of the animus furandi — the intent to steal — the conviction can not be upheld. The judgment overruling the motion for a new trial must, therefore, be

*Reversed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*