## 29178. AUSTIN *v.* THE STATE.

DECIDED SEPTEMBER 4, 1941.

*W. F. Lozier*, for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham*, contra.

GARDNER, J.    The defendant was convicted of the larceny of an automobile.    He moved for a new trial on the general grounds and on four special grounds.    The court overruled the motion, and he excepted.

The evidence for the State showed, in substance, that the defendant procured the vehicle from the premises of the owner, where it had been parked in the backyard; that the car was missed by the owner about eleven o'clock at night when he went to use it to go for his wife, who was working, the car having been previously parked about six o'clock; that the loss was reported to policemen who began a watch; that about one o'clock the policemen spotted and chased the defendant who was in the car with two women; that the car was wrecked and demolished; that the defendant fled, but was later arrested; that previously the prosecutor had lent the defendant a car owned by the prosecutor, and the defendant had a

key to this car; and, according to some evidence, that the defendant on the night the car was taken had hauled a person for hire. In his statement at the trial the defendant contended that he procured the car by permission of the prosecutor, to go for a hose and wash and simonize the car for the prosecutor.

■ Ground 1 complains of a ruling of the court which it is contended had the effect of depriving the defendant of the benefit of certain testimony tending to show that the prosecutor, on other occasions before the alleged theft, had loaned the defendant an automobile owned by the prosecutor previously to the acquisition by the prosecutor of the car in question. The court stated that he would rule out the evidence if it was not later connected. This was the only ruling by the court, and did not amount to a sustaining of the objection. We think that under the facts the evidence was admissible for the jury to consider on the question of intent, and we hold that it did remain before them for this purpose.

■ Grounds 2, 3, and 4 will be treated together. Error is assigned on the ground that the court failed to give a pertinent, timely written request to charge on intent to steal, and erroneously charged the law with reference to intent to steal. The written request was as follows: "The defendant contends that his possession of the automobile described in the indictment was not with intention of permanently depriving the owner thereof; and if you believe this, his possession of said automobile is explained and you would not be authorized to convict this defendant of stealing the automobile." The court refused this request, but did charge in substance the definition of larceny as found in the Code, § 26-2602: "Simple theft or larceny is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same." After the jury had retired they returned and requested further instruction from the court. A juror said: "It is the matter of intent to steal, or intent to retain the possession of that automobile; whether that is coupled in under this indictment, and whether that must be established in our minds beyond a reasonable doubt before we could find as to the guilt or innocence; in other words, the intent to retain and keep that automobile for his own use." The court replied: "Well, intent to steal means, as I charged you a few minutes ago, with intent to privately take, steal, and carry away. I gave you the definition of in-

tent in what I have already said to you. Intent may be shown in many ways provided the jury find that it existed from the evidence produced before them. It may be inferred from the proven circumstances, or by acts and conduct, or presumed when it is the natural and necessary consequences of an act. Intent to steal, gentlemen, does not mean to take and keep forever. If he intended to steal the car and kept it for one minute in his possession as his it would be stealing in the eyes of the law. It does not necessarily mean that he has got to keep it forever. Intent to steal means intent to privately take, steal, and carry away with intent to steal. That is the language of the law."

The contention of the defendant throughout the trial, both by the evidence referred to in ground 1 of the motion and by his statement, was that he had possession of the car by permission of the owner and not with intent to steal it. The intention of the defendant was not only material, but was thus emphasized by the evidence, the defendant's statement, and his contentions. We think the court should have given the requested charge, or should have defined larceny in a substantial way. Particularly is this true for the reason that the offenses of larceny of an automobile and of using an automobile without the owner's consent are of such kindred nature that unless the intent is clearly defined as to each offense the jury will very likely become confused in making the distinction. On this very point in this case it is quite evident that the jury did become so confused. This was manifested by the request for further instruction as above set out; and we do not think the charge of the court in response to the juror's question was sufficiently clear to instruct the jury on this point, notwithstanding the fact that the juror said it was.

We have made diligent search of various authorities on this point and find that it is almost universally recognized that in larceny there must be an intention permanently to deprive the owner of his property, and that to constitute the offense of using the property without the owner's consent the intention is temporarily to deprive the owner of its use. "For ordinary purposes, however, it would seem from the various definitions and the criticisms thereof that larceny, in the common-law meaning of the term, may be defined as the felonious taking by trespass and carrying away by any person of the goods or things personal of another from any place,

without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use." 32 Am. Jur. 883 (2). In this connection we call attention to the cases cited in footnotes 7, 8, and 9. See also 36 C. J. 767, § 112; 36 C. J. 768, § 117. One who takes an automobile from a garage and uses it for his own purpose without the owner's consent is not guilty of larceny (Van Vechten *v.* American Eagle Fire Ins. Co., 239 N. Y. 303, 146 N. E. 432), the element of felonious intent to appropriate it permanently to the taker's own use being lacking. Plaintiff in error contends that there is a broad and fundamental distinction between the offense of larceny of an automobile and the offense of using an automobile without the owner's consent. The former is a felony, the latter is a misdemeanor. A proper request to charge, as is contended was made in this case, requires the court to instruct the jury in particularity on those two offenses and the difference between them. "Mr. Wharton in the first volume of his Criminal Law, § 885, on authority, states the general rule to be that 'taking goods, not with the intention of depriving the owner of his property in them, but with the object of temporarily using them and then returning them, is not larceny;' and (§ 886) that 'the mere borrowing without fraudulent intent is not larceny.' . . Quite a number of such cases are cited by Mr. Rapalje in note 2 on page 23 of his work on Larceny and Kindred Offenses, which support the proposition that the articles taken must have been taken fraudulently and secretly, with the felonious intent of permanently depriving the owner of them. In section 25 of the same work the author cites authorities which support the proposition he lays down, that the taking of the property of another with intent of depriving the owner only temporarily of it is not larceny." *Jackson* v. *State,* 116 *Ga.* 578 (42 S. E. 750).

Thus it seems clear to us that to constitute the offense of simple larceny under our statute it must appear that it was the intention of the wrong-doer to permanently deprive the owner of his property at the time of the wrongful taking. Of course we recognize that thereafter this intent need not abide forever; for in many cases there may be, and are, times of repentence, but this does not affect the principle that at the time of the taking the intention must be to permanently deprive the owner of his property. If the inten-

tion is only to deprive temporarily the owner of the use of the property it may be some other crime, but not larceny.

For the reasons set forth we think the case should be reversed. It becomes unnecessary to pass on the sufficiency of the evidence to support the verdict.

*Judgment reversed. MacIntyre, J., concurs.*

BROYLES, C. J., concurring specially. I concur in the judgment of reversal but not in the ruling on the first special ground of the motion for new trial. That ground complains of the exclusion of certain evidence, but the evidence is not set forth, either literally or in substance, in the ground, nor is it attached thereto as an exhibit. Therefore, under repeated decisions of the Supreme Court and of this court, the ground presents no question for adjudication. *Shaw* v. *Jones,* 133 *Ga.* 446 (9) (66 S. E. 240) ; *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 716 (145 S. E. 486), rule 17, and cit.