### 35127. SOUTH, *alias* PROSSER *v.* THE STATE.

TOWNSEND, J. 1. While a pertinent, apt, and legal written request to charge should be given in the language requested, a failure to charge in the exact language requested is not harmful to the defendant where, as here, he is given the full benefit of the principles of law set out in the requests. Code § 70-207; *Smith* v. *State,* 202 *Ga.* 851, 861 (45 S. E. 2d 267). The court's charge to the jury that, "to constitute the offense of larceny of an automobile, there must be that intention upon the part of the accused at the time of the wrongful taking to deprive the person permanently of his or her property," and that the burden was upon the State to prove beyond a reasonable doubt that the defendant unlawfully took the automobile "with the intent to deprive the alleged owner permanently of her automobile," sufficiently covered the principles of law in the requested charge, especially in view of the fact that the record here does not present a close or doubtful case.

2. The defendant was seen by one witness to enter and drive away the automobile in question. Other witnesses saw him driving it "off towards Temple." The sheriff, who was notified that the automobile was missing, located it about a mile north of Temple. The keys were in the automobile, and the sheriff took the keys and then questioned the defendant, who was in the vicinity but denied any knowledge of the vehicle. The witness returned shortly thereafter and found the defendant attempting to crank the automobile from which the keys had been removed. The defense was based on the theory that the defendant had no intent to permanently take the car, and in fact had no intent of any kind, but that he did not know right from wrong. Under the evidence, which was conflicting as to his mental capacity, the jury was authorized to return a verdict of guilty.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED APRIL 13, 1954.

*Emmett Smith,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.