41639.   CAIN v. THE STATE.

ARGUED NOVEMBER 2, 1965—DECIDED NOVEMBER 12, 1965.

*Lanier Randall,* for appellant.

*Wright Lipford, Solicitor General,* for appellee.

EBERHARDT, Judge. ■ The court erred in refusing to permit the defendant to testify as to his intention to return the automobile. Intent at the time of taking permanently to deprive the owner of the property is an essential element of the crime for which the defendant was being tried. *Austin v. State,* 65 Ga. App. 733 (1) (16 SE2d 497). The defendant was sworn and testified as a witness in his own behalf. In so doing testimony as to what his intention had been was not opinion evidence, but proof of a substantive fact. *Alexander v. State,* 118 Ga. 26 (44 SE 851).

■ The evidence strongly indicates that the defendant intended to return Dr. Veitia's automobile to the place from which it had been taken, and that there was no intent permanently to deprive the owner of it. But, as was held in *Johnson v. State,* 9 Ga. App. 409 (3) (71 SE 507), though "[t]he evidence as to the existence of criminal intent is exceedingly weak and unsatisfactory, . . . the intent with which an act is done being peculiarly a question of fact for determination by the jury, this court does not feel authorized to set aside the verdict on that ground." Accord: *Towler v. State,* 24 Ga. App. 167 (3) (100 SE 42). Certainly a conviction for using the vehicle without the owner's consent (*Code Ann.* § 26-2639) would have been authorized, for he admits that.

■ A written request for a charge was submitted and there is exception to the court's refusal to give it. While the propositions

of law contained in the request were correct and applicable and inclusion of them in the charge would have been proper, the request contained material that was argumentative in nature and it was not error to refuse to give it. A request must be in all respects perfect before the court is required to give it. *Davis v. State*, 153 Ga. 669, 680 (18) (113 SE 11).

*Judgment reversed for the reason stated in Division 1. Nichols, P. J., and Pannell, J., concur.*