Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellant,

v.

Jimmie TEMPLE, Appellee.

No. 22469.

United States Court of Appeals Fifth Circuit.

April 11, 1966.

Earl Faircloth, Atty. Gen., William D. Roth, Sp. Asst. Atty. Gen., Tallahassee, Fla., for appellant.

Jimmie Temple, in pro. per.

Before PHILLIPS,* RIVES and COLEMAN, Circuit Judges.

RIVES, Circuit Judge:

Jimmie Temple is confined in the Florida State Prison under a judgment of conviction and ten-year sentence imposed by the Circuit Court for Suwannee County, Florida, on November 22, 1954. More than ten years have elapsed since Temple was sentenced. However, his letter found in the original record explains: "My expiration date is actually set for Sept. 30th 1966. This is due to the fact that I spent some time on parole which was eventually taken away from me and I am forced to rebuild this time now in prison." [1]

Temple claims that his detention is illegal because he had been unconstitutionally denied the right to have counsel appointed to assist him in defending against the criminal charge.[2] He exhausted all available remedies in the Florida courts pursuant to Criminal Procedure Rule 1, F.S.A. Ch. 924, App. promulgated by the Florida Supreme Court, and then applied to the federal district court for habeas corpus.

---

* Of the Tenth Circuit, sitting by designation.

1. In his habeas petition he avers also that he was unable to post bail and was kept in jail for four months before being arraigned.

2. See Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

The respondent conceded that Temple was not afforded the right to counsel at the time of his arraignment, plea of guilty, and sentence by the Circuit Court for Suwannee County, Florida, ·on November 8 and 22, 1954. After a hearing the district court found that:

"The evidence conclusively demonstrates that petitioner did not waive counsel, was not offered counsel and was financially indigent so as to be entitled to the services of court-appointed or public defense counsel. Therefore, petitioner's rights afforded him by the Sixth Amendment of the United States Constitution made applicable to the states by the Fourteenth Amendment thereof were denied him. It was stipulated by counsel that the issuance of a peremptory writ will not be required, and that this cause may be disposed of by order. It is, upon consideration of the foregoing:

"Ordered and Adjudged as follows:

"1. The judgment of conviction and the sentence imposed as a result thereof entered against the petitioner in the Circuit Court in and for Suwannee County, Florida, on November 18, 1954, is vacated and set aside, and petitioner is granted a new trial.

"2. The petitioner is remanded to the custody of Honorable Duke McCallister, Sheriff of Suwannee County, Florida, for proceedings not inconsistent herewith.

"3. Further prosecutions on the above charge will be barred if trial has not commenced by the termination of the April, 1965, term of Court of Circuit Court for Suwannee County, or on the expiration of a ninety day period from the date of the issuance of this order, whichever occurs first."

Temple's motion for appointment of counsel on appeal was denied, and the only brief now before us is that on behalf of the appellant. The appellant "cheerfully concedes the correctness of the Court's order, save and except that portion which sets a time limit beyond which appellant is barred from further prosecution on said charge."

The remedy to be granted in a habeas corpus proceeding rests largely in the discretion of the court.[3] As recently expressed by this Court:

"The federal courts have seized upon the general words of the statute regulating proceedings in habeas corpus that, 'The court shall summarily hear and determine the facts, and dipose of the matter as law and justice require'[12] to hold that they need not

"12. Now the concluding sentence in 28 U.S.C.A. § 2243.

limit relief to cases where an immediate discharge of the petitioner is required, but should tailor the relief according to the requirements of law and justice in the particular case.[13]

"13. Mahler v. Eby, 1924, 264 U.S. 32, 45, 46, [44 S.Ct. 283, 68 L.Ed. 549]; Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 210 [71 S.Ct. 262, 95 L.Ed. 215]; Pate v. Holman, 5 Cir. 1965, 341 F.2d 764, 777; Compare Lyles v. United States, 5 Cir. 1965, 346 F.2d 789, 792."

Bland v. State of Alabama, 5 Cir.1965, 356 F.2d 8, cert. den. 86 S.Ct. 1203 (1966).

It seems that Temple will have completely served his ten-year sentence within a few months. Under such circumstances, we think that the district court acted well within its discretion in setting a reasonable time limit for any further prosecution on the same charge.[4] The judgment is therefore affirmed. It is ordered that the mandate of this Court issue immediately.[5]

Affirmed.

3. Ex parte Royall, 1886, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868.

4. Compare United States ex rel. Seals v. Wiman, 5 Cir. 1962, 304 F.2d 53, 69;

United States ex rel. Goldsby v. Harpole, 5 Cir. 1959, 263 F.2d 71, 84.

5. See Fifth Circuit Rule 32 as amended May 31, 1963.