RAWLS, Judge.
Appellant Sharp, by this appeal, contends that his conviction of grand larceny should be set aside. Eleven points on appeal are urged by him for reversal.
Appellant’s point 1 questions the constitutionality of Section 811.021, Florida *218 Statutes, F.S.A.; point 2 questions the sufficiency of the bill of particulars; and point 3 urges that the State should have elected at the close of its case as to which part of the statute it was relying upon. These three points are grouped into one argument by appellant in his brief. We will not unduly belabor the arguments directed to these points and observe that the indictment together with the detailed bill of particulars fully apprised the defendant of what charges he was called upon to defend within the purview of the State and Federal constitutional provisions.
Point 4 is directed to defendant’s duties or connection with respect to bringing the alleged offense within the statute of limitations by reason of the defendant’s official position with the City.[1] Points 5 and 6 are directed to the question of whether the alleged offense was connected with the discharge of defendant’s duties. The State submitted competent evidence “connecting” defendant’s duties as a councilman with the alleged offense.[2] Point 7 pertains to defendant’s motion to release members of the grand jury from their oaths of secrecy. We adopt the trial court’s finding on this point, viz.: “ * * * the court herein finds that such a request is based on pure surmise and speculation and that no proper showing is made in said motion entitling the defendant to the release of said oaths of secrecy. See Minton v. State [Fla.], 113 So.2d 361, and State v. Lampp [Fla.App.], 155 So.2d 10”.
Point 8 reads, viz.: “Where the State must prove the defendant’s fraudulent intent when he purchased an item by the use of the name, and with the consent, of another, is evidence of other similar acts involved in the same transaction, admissible to rebut the fraudulent intent charged against him ? ” presents what we determine to be reversible error. As a mine detector is moved across a battlefield seeking a mine, the inquiry here continuously scanned the defendant’s transactions searching for the one essential object of scienter. The entire trial- was focused upon Lemuel Sharp’s subjective intent. It was proven by the State, without contradiction, that Sharp bought the subject doors, charged them to the City and did not attempt to reimburse the City until an investigation was launched some two and a half years later. The only conflicting evidence related to the element of intent. Sharp’s defense was that he had no- intent to defraud or steal from the City, and his failure to pay for the doors was an oversight on his part. As evidence of intent and to show a common scheme, the State pursuant to Williams v. State,[3] introduced similar factual evidence to the effect that during renovation of his building Sharp purchased door pull handles (about $9.00), plate glass ($129.94) and seven blinds (about $125.00), charged them to the City and failed to pay for same. As a part of his defense, Sharp proffered testimony pertaining to the renovation of the subject building to show that: (a) awnings for the City-owned building and his building were ordered together, charged to the City, and he had paid his prorated share; (b) he had ordered an air conditioner for his building, requested the supplier to bill same to the City, and paid for the air conditioner; and (c) he had ordered approximately $350.00 worth of lumber and paneling from a lumber company, requested that the company bill the City, and he paid for it. The State’s objections to these proffers were sustained by the trial court.
We emphasize: the State introduced similar factual evidence pertaining to *219 other purchases made and charged to the City during the renovation of the two buildings; the defendant’s proffer was restricted to the same subject matter and the same period of time. Fair play and common sense dictates that what is sauce for the goose is sauce for the gander. The State opened the door and then attempted tó lock same to defendant. Under these circumstances, we hold that it was prejudicial error to deprive the jury of the evidence proffered by defendant.[4]
We have carefully considered the remaining points on appeal and find them to be without merit.
Reversed with directions to grant defendant a new trial.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.

. Section 932.06, Florida Statutes, F.S.A.

. As a councilman, appellant shared the responsibility for the fiscal appropriations and management of the City of Jacksonville; he was a member of the Budget and Finance Committee; and he could exercise his discretion over the manner of expending the contingency fund allocated to his ward.

. Williams v. State, 110 So.2d 654 (Fla.1959).

. United States v. Shavin, 287 F.2d 647 (1961, CA7 Ill.), 90 A.L.R.2d 888; Austin v. State, 65 Ga.App. 733, 16 S.E.2d 497 (1941) ; Cf. McBrayer v. State, 112 Fla. 415, 150 So. 736 (1933) ; and 90 A.L.R.2d 903.