**Willie Charles HALL, Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellant.**

**No. 29727.**

United States Court of Appeals,
Fifth Circuit.

April 9, 1971.

Earl Faircloth, Atty. Gen., J. Christian Meffert, Nelson E. Bailey, Asst. Attys. Gen., Tallahassee, Fla., for respondent-appellant.

Stephen Stratford, Jacksonville, Fla., for petitioner-appellee.

Before TUTTLE, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

This is an appeal by the respondent below, the Director of the Florida Division of Corrections, from a district court order granting habeas corpus relief to the petitioner-appellee Willie Charles Hall. We modify the district court's order and affirm it as modified, and direct that the lower court remand to the state courts of Florida for further proceedings. We will refer in this opinion to the parties as they appeared below: as petitioner and respondent.

On July 21, 1967, a jury in the Circuit Court for the Fifth Florida Judicial Circuit found the petitioner guilty of breaking and entering with intent to commit rape. On November 3, 1967, the petitioner was sentenced to a term of six months to ten years in the custody of the Florida Division of Corrections. Petitioner was represented by counsel retained by a relative. The state trial judge did not inform the petitioner of his right to appeal at the time he was sentenced. On December 2, 1967, in response to an inquiry from the petitioner —then incarcerated at the Florida State Prison at Raiford—petitioner's trial counsel wrote him that his employment was only to represent the petitioner at trial, and suggested that the petitioner contact the public defender if he wished to take an appeal. Prior to this time no discussion had taken place between petitioner and his trial counsel of the question of an appeal and its possible success or otherwise. On December 4, 1967, the petitioner filed a motion for post-conviction relief under Florida Criminal Procedure 1.850, 33 F.S.A. This motion was denied by his trial court on December 20, 1967.

On January 17, 1968, the Public Defender was appointed to represent the petitioner for purposes of appeal. The Public Defender, despite the fact that the appeal period from the criminal conviction would not expire until February 1, 1968, did not file notice of direct ap-

peal of the petitioner's conviction, but instead on March 14, 1968, filed a notice of appeal of the denial of the Rule 1.850 motion for post-conviction relief. Since this notice of appeal was filed eighty-five days after the denial, and a civil appeal was at that time required by Florida Appellate Rule 3.2, subd. b, 32 F.S.A. to be taken within sixty days of the order of denial by the Circuit Court, the appeal was dismissed by the Florida Second District Court of Appeals as taken out of time.[1]

On November 19, 1968, petitioner filed a petition for writ of habeas corpus in the federal district court, alleging that he had been denied effective representation by his trial counsel and that he had been denied the right to appeal his conviction. The district court found for the petitioner on both claims and ordered that the petitioner be retried within 120 days or released. The respondent objected to the district court's hearing any evidence on the issue of the competency of petitioner's trial counsel because petitioner had not presented this issue to the state appellate courts. The objection was overruled.

■ Petitioner was sentenced on November 3, 1967. Under Florida Appellate Rule 6.2, as it existed in 1967 and until October 1, 1968, the petitioner had 90 days in which to take a direct appeal from his criminal conviction. The Public Defender was appointed to represent the petitioner for purposes of appeal on January 17, 1968, when several weeks yet remained for timely filing of notice of direct appeal of the conviction. The Public Defender did not file a notice of direct appeal, but instead waited until March 14, 1968, and then filed an untimely appeal of the denial of petitioner's motion for post-conviction relief. This failure to act on the part of the Public Defender, a state agency, when adequate time existed in which to file a

notice of appeal, constituted state action which effectively denied to the petitioner his constitutionally protected right to appeal.

■ Thus we agree with the district court that the petitioner was denied the right to appeal from his state court conviction. But the district court erred when it proceeded to hear and resolve the petitioner's claims with regard to ineffective counsel without prior presentation of those allegations to Florida appellate courts. Exhaustion of state remedies is of course a matter of comity, and not of jurisdiction, Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837; Whippler v. Balkcom, 5 Cir. 1965, 342 F.2d 388, but proper regard for the separate functions of state and federal courts mandates that state courts be given first opportunity to consider alleged violations of federally guaranteed rights in the trial of state criminal defendants.

■ We believe that the granting of a delayed direct appeal in the state courts will offer the petitioner the opportunity to raise the issue of ineffective counsel, as well as any other claims of error as to his trial. Wainwright v. Simpson, 5 Cir. 1966, 360 F.2d 307; Baggett v. Wainwright (Fla.1969) 229 So.2d 239.

We modify the lower court's order and direct that court to require that the State of Florida within a reasonable time provide the petitioner-appellee with a delayed direct appeal of his July 21, 1967, conviction, or in the alternative, to set aside his conviction and grant him a new trial within a reasonable time to be fixed by the district court. If the petitioner is not granted an appeal or a new trial, the district court shall direct that he be released from the appellant's custody.

Modified, and as so modified, affirmed.

---

1. We do not view this as an adjudication by an appellate court of the State of Florida on the merits of petitioner's post-conviction claims.