**Willie C. WASHINGTON, Petitioner,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent.**

**Misc. No. 1787.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Oct. 18, 1971.

Adolph J. Levy, New Orleans, La., for petitioner.

Maurice R. Franks, Asst. Dist. Atty., New Orleans, La., for respondent.

ALVIN B. RUBIN, District Judge:

A state jury found petitioner, Willie C. Washington, guilty of armed robbery, and the judge sentenced him to thirty years imprisonment on March 7, 1967. No appeal was taken. Three years later he applied for state habeas corpus, and the trial judge denied the writ without holding an evidentiary hearing. The Louisiana Supreme Court denied Writs of Habeas Corpus, Mandamus, and Certiorari on August 31, 1970.

Washington then filed a petition for a Writ of Habeas Corpus in this court, alleging violation of constitutional rights to confront witnesses and to the effective assistance of counsel. His petition states that the reason he did not appeal his judgment of conviction or the imposition of his sentence was the "[f]ailure of Court Appointed Counsel to appeal, even though petitioner repeatedly asked him to do so." (Paragraph 9 of petition.) Accordingly, counsel was appointed and a hearing was held. At the hearing, additional issues were raised concerning the alleged representation therein of co-defendants with conflicting interests in a single trial.

Although it is not entirely clear from the record in state court whether petitioner was represented by court-appointed or retained counsel, the testimony of

that counsel in this court makes it clear that, as to petitioner, the counsel in state court was serving at the court's request and must be considered court-appointed. The testimony also indicates that there are substantial questions concerning the adequacy of petitioner's representation in state court. Bruton v. United States, 1968, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476; Glasser v. United States, 1942, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680; Baker v. Wainwright, 5 Cir. 1970, 422 F.2d 145; and Holland v. Henderson, E.D.La.1970, 317 F.Supp. 438.

Counsel in state court did not appeal petitioner's conviction and, as a consequence, the Louisiana courts have not had an opportunity to review it. This court concludes that the proper remedy is to grant a delayed direct appeal in the Louisiana courts; this will afford petitioner an opportunity to raise any issues concerning his conviction in the proper forum.

The Fifth Circuit Court of Appeals reached the same conclusion in Hall v. Wainwright, 1971, 441 F.2d 391, where the conviction of the petitioner had not been reviewed on direct appeal by the state courts. Noting that the exhaustion of state remedies is a matter of comity and not of jurisdiction, the court stated: "[P]roper regard for the separate functions of state and federal courts mandates that state courts be given first opportunity to consider alleged violations of federally guaranteed rights in the trial of state criminal defendants." 441 F.2d at 393. See also Rought v. Henderson, 5 Cir. 1971, 445 F.2d 622.

This court is well aware of the Louisiana statute that requires both objections and bills of exception to be reserved in order for an appellate court to have anything other than the pleadings before it. L.S.A.–C.Cr.P. Art. 920. The question of the validity of this statute is not, however, presented by the petition at this time.

Therefore, this court orders the State of Louisiana to grant petitioner a delayed direct appeal of his March 7, 1967, conviction within a reasonable time. If petitioner is not granted an appeal within a reasonable time, petitioner may apply to this court for release from respondent's custody.