PER CURIAM.
Defendant appeals the denial of his motion to vacate judgment and conviction on the ground that he was ineffectively represented by court appointed counsel.
Defendant Glimmert Beckham was informed against for robbery and a crime against nature. An assistant public defender was appointed to represent Beckham and upon his advice, Beckham pled guilty to both charges in exchange for a five year sentence. At the same time the court appointed three psychiatrists to determine his competency to stand trial or to enter a guilty plea. At a hearing on Beckham’s competency, two of the three psychiatrists found him competent. Thereupon, the court adjudged him competent. Because of the conflicting psychiatric reports, Beck-ham’s counsel moved to withdraw his guilty plea and stipulated five year sentence. The motion was granted by the trial judge who announced in open court in the presence of both defendant and his counsel that he was withdrawing the guilty plea and vacating the stipulated five year sentence and adjudication of guilt. The judge also determined that defendant was competent to stand trial and a jury trial was held solely on the issue of Beckham’s sanity as all other facts involving the crimes were stipulated to by defense counsel. Beckham was found sane by the jury and sentenced to 50 years in the state penitentiary. His conviction was affirmed on appeal by this court. Beckham v. State, 264 So.2d 30 (Fla. 3d DCA 1972).
Beckham contends in this appeal that he was ineffectively assisted by counsel because his counsel elected to submit him to trial on the sanity issue on the mistaken belief that the earlier stipulated five year sentence would still be in force if the jury found him sane.
To successfully collaterally attack a judgment on the grounds of ineffective assistance of counsel, the facts alleged must demonstrate that the trial was a mockery or a farce. Simpson v. State, 164 So.2d 224 (Fla. 3d DCA 1964); Quesada v. State, 321 So.2d 442 (Fla. 3d DCA 1975).
Further, mishandling of a trial with regards to matters falling within the judgment or strategy of counsel does not constitute ineffective assistance of counsel. Solloa v. State, 221 So.2d 217 (Fla. 3d DCA 1969).
At most Beckham is claiming that counsel exercised bad judgment in pursuing the defense of insanity and withdrawing the negotiated guilty plea and five year sentence and this is not proper grounds for a collateral attack.
Affirmed.