## 54483. MARTIN v. THE STATE.

BANKE, Judge.

The defendant was convicted of motor vehicle theft. He appeals the denial of his motion for new trial on the general grounds.

The defendant was arrested for speeding by a state trooper. The charge of vehicle theft arose when he commandeered the trooper's patrol car while on route to the sheriff's station. Defendant, who was seated in the back seat of the patrol car, reached over the front seat and grabbed a 45-automatic pistol which was lying in the middle of the front seat. The trooper had taken possession of the pistol after finding it in the glove compartment of defendant's automobile. Defendant struggled with a cadet who was patrolling with the trooper that evening. Both officers jumped from the car, and defendant sped away in the patrol vehicle. The patrol car was found approximately 15 miles away on the end of a cement boat ramp.

1. In response to defense counsel's specific request, the trial judge recalled the jury and charged the specific language of Code Ann. § 26-1802, theft by taking. The defendant, citing *South v. State,* 90 Ga. App. 52 (81 SE2d 858) (1954), now contends that his conviction for motor vehicle theft is contrary to the law because the state failed to prove he intended to deprive the state of its patrol car permanently.

The *South* case was based on our former Motor Vehicle Larceny Statute, Ga. L. 1916, p. 154 (repealed 1968). The state was required to prove the presence of a

permanent intent to deprive as it was this element which distinguished the felony of motor vehicle larceny from the misdemeanor of using a vehicle without the owner's consent, Ga. L. 1955, p. 648 (repealed 1968). See *Austin v. State,* 65 Ga. App. 733 (16 SE2d 497) (1941); *Cain v. State,* 112 Ga. App. 646 (145 SE2d 773) (1965). However, as the court explained in *Austin v. State,* supra, the statute required only proof of an intent to deprive permanently, as opposed to an intent to deprive temporarily, at the time of the wrongful taking; and the accused's original intent was not rendered void when he later had a change of heart.

We do not find any conflict between the proof required under our old Motor Vehicle Theft Statute and the proof required under our new statute, Code Ann. § 26-1813. Our decision in *Chandler v. State,* 138 Ga. App. 128 (1) (225 SE2d 726) (1976) establishes that the felony of motor vehicle theft is subject to Code Ann. § 26-1802 which defines all thefts by taking. Thus, the main issue before the jury in this case was whether the state's evidence proved, in the language of Code Ann. § 26-1802, that the defendant unlawfully appropriated "any property of another with the intention of depriving him of said property. . ." Once criminal intent at the time of taking was proved, it became irrelevant whether the deprivation, as defined in Code Ann. § 26-1801 (a), was permanent or temporary. The state's evidence showed that the defendant by force took the patrol car from the state trooper and that he never returned it to the trooper but abandoned it on a cement boat ramp after driving the car for 15 miles. The jury was authorized to believe this evidence and to reject the defendant's contention that his only intent was to take the car temporarily for purposes of escape. See *Cain v. State,* supra.

In addition, it should be noted that in the absence of a specific request by defense counsel, the judge was not required to charge the jury on the lesser offense of criminal trespass. Code Ann. § 26-1503. See *Smith v. State,* 139 Ga. App. 615 (229 SE2d 104) (1976); *Riley v. State,* 140 Ga. App. 207 (230 SE2d 356) (1976). See also *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

2. The defendant alleges that it was prejudicial error for the trial judge to deny his motion for mistrial after he had permitted the trooper to testify that he observed marijuana seeds and a plastic bag containing what appeared to be drugs on the floor of defendant's car. Defendant contends the testimony placed his character into evidence and lacked any probative value. The testimony was in response to the question of what action the officer took after advising defendant that he was under arrest for speeding.

The Supreme Court recognized in *Bixby v. State,* 234 Ga. 812 (218 SE2d 609) (1975) that two competing principles must be considered in deciding whether to admit testimony relating to an offense other than the one charged. "On the one hand, we have the rule that evidence of the commission of a crime other than the one charged is generally not admissible. *Cawthon v. State,* 119 Ga. 395 (4) (46 SE 897); *Cox v. State,* 165 Ga. 145 (1) (139 SE 861). On the other hand, we have the rule that testimony as to the circumstances connected with the arrest is admissible. *State v. Luke,* 232 Ga. 815 (209 SE2d 165); *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600)." 234 Ga. p. 813. In *Bixby* the testimony as to items found at the time of arrest was admitted because there was a connection between those items and the articles used in the crime with which defendant was charged.

We believe it was error here to admit the officer's testimony on the drugs. The state did not attempt to connect the presence of drugs with the defendant's act of speeding, the act on which his initial arrest was based. Since the defendant was already under arrest when the officer observed the drugs in his car, and in the absence of any other factor connecting the drugs and the speeding violation, it is difficult to see how "the evidence was *relevant* for the purpose of showing the circumstances of the arrest." *Bixby v. State,* supra, p. 814. (Emphasis supplied.)

Furthermore, we are not persuaded by the state's argument that the testimony was admissible as part of a chain of circumstances which culminated when the defendant stole the patrol car. The situation here is not like that in our recent decision of *Barber v. State,* 142 Ga.

App. 156 (235 SE2d 629) (1977) where testimony that the defendant offered to sell the officer drugs just before stealing his wallet was clearly admissible as showing the circumstances of the defendant's arrest for theft. Our decision in *Still v. State,* 142 Ga. App. 312 (2) (235 SE2d 737) (1977) is also distinguishable. There the arresting officer was allowed to testify that when he arrested the defendant for murder, drugs were also discovered in the house where he had been sleeping. The defendant was charged with a drug violation but was never prosecuted. Here, the defendant was never charged with drug possession; the discovery was substantially prior in time to his arrest for vehicle theft; and, again, the state failed to establish any relevant connection between the drugs and the car theft.

The error was harmless, however, and does not require a reversal of the defendant's conviction. A defendant's character is not *inherently* in issue when charged with the crime of motor vehicle theft. The state presented ample evidence from which the jury could find the defendant guilty, and for this reason it is " 'highly probable that the error did not contribute to the judgment.' [Cit.]" *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976). See Schneble v. Florida, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 15, 1977 — DECIDED NOVEMBER 15, 1977.

*John R. Calhoun, R. B. Donaldson, Jr.,* for appellant.

*DuPont K. Cheney, District Attorney, T. Michael Taff, Assistant District Attorney,* for appellee.