HENDRY, Judge.
Appellant Beckham seeks review of a circuit court order denying his motion for discharge under the speedy trial rule.[1] We affirm.
In 1971, appellant entered a negotiated guilty plea to a five year sentence for robbery and sodomy. Without appellant’s knowledge or consent, his court appointed counsel moved to withdraw the plea, and in effect stipulated to appellant’s guilt by allowing trial only on the issue of sanity. The jury found appellant to be sane and the court sentenced him to fifty years. After *450 exhausting his state remedies,[2] Simmons v. Wainwright, 585 F.2d 95 (5th Cir. 1978), appellant filed a petition of habeas corpus in federal court.
On September 27,1979, the United States District Court for the Southern District of Florida found that appellant had been denied effective assistance of counsel, the right to a full jury trial, and the right to confront and cross examine witnesses against him. As modified on January 24, 1980, the southern district ordered:
Accordingly, it is the Order of this Court that Petitioner be allowed to reinstate his original guilty plea and thereupon be re-sentenced by the Court or alternatively that he be granted a new trial within a reasonable period of time hereafter, failure of which the Writ of Habeas Corpus will be granted and the Petitioner released from custody.
On June 10,1980, appellant filed a motion for discharge under the speedy trial rule. At a hearing on June 19, 1980, the circuit court denied the motion,[3] and pursuant to agreement with the state appellant pled nolo contendere specifically reserving the right to appeal the denial of his motion. The court then adjudicated appellant guilty of robbery,[4] and sentenced him to five years imprisonment with credit for time served of nine years. Notice of appeal was timely filed.
We first address the contention that the federal court lacked the power to enter the January 24th order. The remedies to be granted in habeas corpus proceedings rest largely within the discretion of the court. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); Wainwright v. Temple, 360 F.2d 598 (5th Cir. 1966). It is well settled that a court is not restricted to simply discharging the petitioner or remanding him to custody; the prerogative to withhold release pending compliance with certain requisites (i. e. conditional orders) is not uncommon. See e. g., Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Miller v. North Carolina, 583 F.2d 701 (4th Cir. 1978); Berriel v. Wainwright, 290 F.Supp. 669 (S.D.Fla.1968).
We also find unpersuasive the theory that the federal court’s order allowed appellant, not the state, the option of reinstating the original guilty plea or receiving a new trial. The federal court’s order (as are essentially all habeas corpus orders) was directed to the party (here the state) who has custody of the petitioner. Braden v. Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Porter v. Porter, 60 Fla. 407, 53 So. 546 (1910). See Section 79.01, Florida Statutes (1979). An analogous construction of similar orders is implicit in virtually all cases we have examined, see, e. g., Pressley v. Wainwright, 367 So.2d 222 (Fla.1979); Hall v. Wainwright, 441 F.2d 391 (5th Cir. 1971); Berriel v. Wainwright, supra, whereas the interpretation urged upon us by appellant appears to be unprecedented.
Appellant’s main argument alleges that the trial court erred in denying his motion for discharge where the state failed to retry him within sixty days of demand,[5] or within ninety days of the trial court’s receipt[6] of the federal court’s order, as provided by Florida Rules of Criminal Procedure 3.191, sections (a)(2) and (g), respectively.
While at first blush Rule 3.191(g) would appear to govern the instant situation, that section is in fact only applicable where either a trial court or an appellate court orders a new trial. The present situation is not encompassed within that phraseology:
*451 [Habeas corpus] is ... an original civil proceeding, independent of the normal channels of review of criminal judgments. . .
Townsend v. Sain, 372 U.S. 293, 311, 83 S.Ct. 745, 756, 9 L.Ed.2d 770, 785 (1963). Crownover v. Shannon, 170 So.2d 299 (Fla.1964). The function of habeas corpus is not that of appellate review of state court convictions, procedures, or decisions, Watkins v. Morris, 179 So.2d 348 (Fla.1965); Sing v. Wainwright, 148 So.2d 19 (Fla.1962). We find, therefore, that the present case does not fall within the parameters of Rule 3.191(g).
Nor can we say this situation falls within any of the other proscribed time periods of Rule 3.191 which applies to original criminal proceedings. A habeas corpus proceeding removes a case from the operation of the speedy trial rule.
Although the speedy trial rule is inapplicable and no specific time for action is stated, appellant is protected by the reasonable time period prescribed by the federal court which coincides with the constitutional “reasonableness” test applicable in the absence of a speedy trial rule. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Since less than 120 days had elapsed from the circuit court’s receipt of the federal court order and appellant’s motion for discharge, we find no unreasonable delay, and thus no deprivation of appellant’s constitutional rights. Barker v. Wingo, supra.
In summary, we hold that where a habeas corpus proceeding grants a retrial, the time for such retrial is not governed by the speedy trial rule; instead, the time stated in the court’s order controls, and in the absence of a stated time, the constitutional reasonableness standard applies.
There being no showing of a violation of the constitutional right to a speedy trial, the order denying the motion for discharge is affirmed.
Affirmed.

. Fla.R.Crim.P. 3.191.

. See Beckham v. State, 264 So.2d 30 (Fla. 3d DCA 1972); Beckham v. State, 339 So.2d 221 (Fla. 3d DCA 1976); Beckham v. State, 353 So.2d 941 (Fla. 3d DCA 1978).

. At that time the court also determined that the federal court’s order had given appellant the option of electing between the alternative remedies.

. In 1974 the Florida Legislature repealed the criminal sodomy statute, Sec. 800.01, Fla.Stat. (1973). See Ch. 74-121, Laws of Florida.

. A speedy trial demand was filed with the state attorney’s office on February 22, 1980.

. The federal court’s order was received on February 26, 1980.