SUAREZ, J.
Defendant, Lazaro Gonzalez, appeals an order of the trial court denying his motion for a speedy trial discharge. The defendant was charged with trafficking in cocaine and entered into a plea agreement. The defendant then sought a writ of habe-as corpus in the United States District Court for the Southern District of Florida which vacated his plea on August 7, 2002. Defendant later filed successive motions for speedy trial discharge which were denied by the trial court. Defendant filed the present appeal. We reverse and remand.
Defendant, Gonzalez, entered into a plea agreement on a trafficking in cocaine charge. Gonzalez failed to fully comply with the plea agreement and was sentenced to thirty years with fifteen years minimum mandatory by the trial court. Gonzalez moved for post conviction relief. The trial court’s denial of the motion was affirmed by this Court. See Gonzalez v. State, 714 So.2d 1125 (Fla. 3d DCA 1998), review dismissed, 761 So.2d 316 (Fla.2000). Gonzalez then sought a writ of habeas corpus in the United States District Court for the Southern District of Florida. The Federal Court granted the writ, vacated the plea as involuntary, and remanded with directions that “The State shall take further action as may be in accordance with the law within sixty days.” The Federal Court order was affirmed on September 15, 2003.[1] The following day, the defendant again moved for speedy trial discharge. The trial court denied the motion on September 30, 2003. On January 22, 2004, for the third time, Gonzalez moved for discharge. When his motion was denied, he entered a new plea, reserved his right to appeal the trial court’s denial, and was sentenced to credit *210 for time served. The appeal is now before this Court.
This case is controlled by Beckham v. State, 397 So.2d 449 (Fla. 3d DCA 1981). In Beckham, the defendant moved for discharge under the speedy trial rule in Circuit Court after entry of a Federal Court judgment on a petition for habeas corpus ordering the reinstatement of his guilty plea, or a new trial within a reasonable period of time. This Court held in Beck-ham that where a federal habeas corpus proceeding grants a retrial, the speedy trial rule does not apply. Instead, the time stated in the Court’s order applies. If no time is stated, a reasonable time would apply. Pursuant to Beckham, Gonzalez was entitled to the sixty days provided for in the Federal Court order beyond the date of affirmance by the Court of Appeals within which to be tried. Since more than that had expired when the defendant filed his motion for discharge on January 22, 2004, and he had not been retried, he was entitled to the discharge.[2]
Reversed and remanded with instructions to discharge the defendant.
GERSTEN, J., concurs.

. On September 5, 2003, the trial court tolled ‘'speedies” during the pendency of the appeal.

. The learned trial judge appears to have been relying on the very persuasive concurrence of Judge Schwartz in Beckham. Judge Schwartz concurred for the purpose of explaining his reasoning.