SCHWARTZ, Senior Judge
(dissenting).
In accordance with my concurring opinion in Beckham v. State, 397 So.2d 449, 451 (Fla. 3d DCA 1981), which the court is kind enough to characterize as “very persuasive,” op. at 210 n. 2, but which seems in fact to have persuaded no one but the very learned trial judge and me, I believe that the judgment below should be affirmed. As that opinion states (a) the federal district court’s order has no binding effect upon the proceeding in the circuit court;[3] and (b) in part because of this, the state’s speedy trial rule did not come into play in this case, at least not until the circuit court set aside the previous judgment on February 5, 2004. Beckham, 397 So.2d at 451 (Schwartz, J., specially concurring). Quite obviously, there was no violation of that rule here, because the plea[4] and judgment which ended this case occurred on February 20, 2004, only fifteen days later. Moreover, in view of the extensive appellate proceedings in the Eleventh Circuit, even assuming that this is the applicable standard (although it finds little, if any, support in the decided cases), I hardly believe that the “delay” in bringing Gonzalez to trial was “unreasonable,” as the majority expresses it. It is even more obvious that it did not violate the speedy trial guarantees of the Florida and United States Constitutions, which are the only rules which actually apply. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Brown v. State, 515 So.2d 211 (Fla.1987); State v. Bivona, 496 So.2d 130 (Fla.1986); Ferris v. State, 475 So.2d 201 (Fla.1985); State v. Jenkins, 899 So.2d 1238 (Fla. 4th DCA 2005); State v. Rodriguez, 790 So.2d 1272 (Fla. 3d DCA 2001).

. Of course, the federal court was free itself to order the appellant’s release on an equivalent of habeas corpus if it felt that the state had violated the letter or spirit of its original order requiring a new trial. It did not do so.

. It is at least ironic that, after securing a new trial from the federal court on the ground that the first one had violated his constitutional rights, the defendant decided that he did not wish to chance a new trial after all, and pled guilty reserving only the right to challenge (as it turns out, successfully) the “delay” in affording him a new, errorless trial he deliberately refused.