### 41870. NELSON v. THE STATE.

HALL, Judge. The defendant was convicted and sentenced to 12 months for possessing nontax-paid liquor.

1. The trial court did not err in charging the jury the law of confession. The defendant cites cases in which it was held that a charge on the subject of confession was unauthorized, because while the statement of the defendant admitted inculpatory facts or admitted a homicide, or admitted the defendant's presence when a homicide was committed, it also related circumstances of excuse or justification, and was not an acknowledgment of guilt of the offense charged. See *Dumas v. State,* 63 Ga. 600; *Covington v. State,* 79 Ga. 687 (7 SE 153); *Pressley v. State,* 201 Ga. 267 (39 SE2d 478); *Green v. State,* 210 Ga. 745 (82 SE2d 703).

There was evidence in this case that the defendant stated to the investigating officer that a case of wine found in the house where the defendant was, was hers and that the two pints of liquor found in the case of wine were hers, too. The defendant herself testified under oath that when the officer repeated the question to her whether the whiskey was hers, she said "Yes, sir." The defendant's statement in evidence did not include any circumstances of excuse or justification that would prevent it being an acknowledgment of guilt of the offense charged.

2. The trial court did not err in failing to charge the jury that there is a legal presumption that all household effects, including any intoxicating liquors found in the house, belong to the head of the household. Such presumption has been applied when liquor was found in the house of the defendant's husband where the defendant lived with him. *Jenkins v. State,* 51 Ga. App. 95 (179 SE 597). In the present case the defendant was the mother-in-law of the owner of the house where the liquor was found and did not live there, and we need not decide whether the presumption would apply. In any event, while it is error in a criminal case to fail to

charge on the presumption of innocence with which the accused enters upon his trial (*Kelly v. State,* 204 Ga. 239 (49 SE2d 489)), we find no authority requiring the court to charge without request on the presumption the defendant contends should have been charged in this case. Cf. *Anderson v. State,* 196 Ga. 468, 469 (26 SE2d 755). See Greene, Georgia Law of Evidence 89, 93, §§ 23, 25.

3. Though there was testimony contradicting the evidence that the defendant possessed nontax-paid liquor, there were circumstances and testimony of the defendant herself that corroborated the defendant's confession. The evidence authorized the conviction.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED MARCH 8, 1966—DECIDED MARCH 18, 1966.

*Johnson & Johnson, W. P. Johnson, R. J. Brown,* for appellant. *Wright Lipford, Solicitor General,* for appellee.