## 29865. BIXBY v. THE STATE.

HILL, Justice.

Andrew Bixby appeals from a jury verdict of guilty and sentence of five years for armed robbery. Error is enumerated on the admission of evidence of a separate and distinct crime, and on the failure of the trial court to instruct the jury as to the lesser included offense of robbery by intimidation.

On the evening of December 28, 1973, a person later identified as Thomas Stokely, armed with a pistol and accompanied by a man wearing a ski mask, forcibly entered a residence on Campbellton Road. The two men, who arrived in an American Motors automobile, told the occupants that another car was waiting for them. Some $58,000 in cash and jewelry was taken.

An abandoned American Motors auto, its motor running, was located in the vicinity shortly after midnight on December 29, and investigation showed that it had been stolen from Greenbriar.

In September 1974, while in Cherokee County Jail, Stokely confessed to the Campbellton Road robbery, implicating Tommy Long, Fred DeFoor and defendant Bixby. In his confession, Long also implicated defendant Bixby.

Bixby was arrested October 29, 1974. At Bixby's trial, Stokely testified that Bixby knew the layout of the Campbellton Road residence, the occupants to be encountered and the amount to be taken; that DeFoor recruited Stokely to commit the robbery planned by Bixby; that Bixby stole a Rambler at Greenbriar

Shopping Center; that Stokely and Long drove the Rambler to the Campbellton Road residence where the two of them entered the house at gunpoint; that Long wore the ski mask; that they put handcuffs on one occupant; that another occupant showed them the money box; that they left the house and abandoned the Rambler, leaving it running (they had no key), and rejoined Bixby and DeFoor in the second car; that Bixby, wearing gloves, opened the box which contained $54,000 in cash; and that they divided the proceeds at Long's apartment. Long's testimony confirmed that of Stokely. Long's girl friend testified that Bixby and the others brought the money to Long's apartment.

After Stokely confessed in September 1974, Bixby was observed arriving at an Atlanta motel on October 29, 1974. After his arrest in his room, his automobile was impounded and inventoried. A police officer testified at trial, over objection, that the automobile contained locksmith tools, picks and manual, a "lock popper," a police radio monitor, two moustache kits, ski mask, bullet-proof vest, night vision binoculars, pair of gloves, two sets of handcuffs, .45 caliber automatic pistol, .38 caliber derringer, .38 caliber revolver, cordless electric drill, and other items.

1. Defendant enumerates as error the admission of the testimony of the police officer as to the contents of the automobile, over the objection that it prejudiced the jury by introduction of evidence of the separate and distinct crime of possession of tools for the commission of a crime.

On the one hand, we have the rule that evidence of the commission of a crime other than the one charged is generally not admissible. *Cawthon v. State,* 119 Ga. 395 (4) (46 SE 897); *Cox v. State,* 165 Ga. 145 (1) (139 SE 861).

On the other hand, we have the rule that testimony as to the circumstances connected with the arrest is admissible. *State v. Luke,* 232 Ga. 815 (209 SE2d 165); *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600). Evidence as to the circumstances of the arrest is admissible under the rule that "The flight of the accused, where and when arrested, whether he resisted or not, how he was armed, and all the circumstances attending his arrest, are admissible to be considered by the jury for what they are

worth." *Wayne v. State,* 56 Ga. 113 (5).

In *McClung v. State,* 206 Ga. 421 (1) (57 SE2d 559), it was held that where evidence is relevant for the purpose of showing flight, it will not be excluded because it incidentally shows the commission of other crimes.

In *State v. Luke,* supra, it was held that where evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime.

The rule is applicable to weapons found on the accused at the time of arrest (*State v. Luke,* supra), and to those found in his automobile (*Clements v. State,* supra).

In the case before us, ten months elapsed between the robbery and the arrest. However, in view of the articles used in the robbery and the nature of some of the items found in defendant's car at the time of his arrest (handcuffs, ski masks, pistols, gloves, etc.), we do not find that the trial court erred in admitting the police officer's testimony for consideration by the jury.

2. Defendant contends that the trial court erred in failing to charge the jury on the lesser included offense of robbery by intimidation.

Both Code sections 26-1901 and 26-1902 refer to robbery by intimidation. This duplication was noted in *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179).

In *Brock v. State,* 232 Ga. 47 (2) (205 SE2d 272), it was held that it is not error in an armed robbery case to fail to charge on robbery by intimidation where there is evidence of robbery by use of an offensive weapon, but no evidence of robbery by intimidation.

The evidence in the case before us showed, without contradiction, that both Stokely and Long carried pistols when they entered the Campbellton Road residence. They committed robbery by use of offensive weapons. Defendant Bixby was charged with being a party to that crime. There was no evidence of robbery by intimidation. The trial court did not err in failing to charge the jury on robbery by intimidation. *Brock v. State,* supra.

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who concur in the judgment only.*

SUBMITTED APRIL 24, 1975 — DECIDED SEPTEMBER 2, 1975.

*Jacques O. Partain, III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.