### 53683. BARBER v. THE STATE.

SHULMAN, Judge.

An officer of the police decoy squad was working an area in Atlanta, covered by other officers parked in a van nearby. Defendant approached the officer who was feigning illness or intoxication. The testimony was that defendant offered to sell marijuana to the officer but was refused. No marijuana was actually seen, but the officer testified that he saw the defendant attempting to make marijuana sales to others. Defendant took the officer's wallet from his pocket and began walking away with it. The officer testified that he asked for his wallet and defendant refused to give it back. A scuffle ensued and the "cover men" then arrived and the arrest was made. Defendant was tried for, and convicted of, robbery.

Defendant enumerates error on the trial court's admitting into evidence comments by the state as to defendant's involvement in another crime, to wit, possession for sale of marijuana.

The general rule is set forth in *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). "On a prosecution· for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other."

However, it is clearly held in the case of *Bixby v. State,* 234 Ga. 812 at pp. 813, 814 (218 SE2d 609), there, commenting from *State v. Luke,* 232 Ga. 815 (209 SE2d 165), that where evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows· the commission of

another crime. The case at bar falls squarely into that exception to the general rule.

Therefore, we hold that the court properly admitted the evidence.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED APRIL 11, 1977 — DECIDED APRIL 29, 1977.

*Robert C. Ray,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.