## 54352. CURRY v. THE STATE.

McMurray, Judge.

Defendant was indicted for the offense of theft by receiving stolen property (a CB radio) of the value in excess of $100. A verdict of guilty was returned by the jury for a value of less than $100, and he was sentenced to serve a term of 12 months. Motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Defendant was seen by two police officers near a shopping mall getting out of a motor vehicle with a CB radio with the microphone dangling up and down. He was stopped by one of the officers who identified himself. The officer advised him that they had a number of CB radios reported stolen recently and would he mind if they checked the CB radio he had in his possession. The defendant consented to have the numbers checked, and the serial number and model number of the radio were called in to the police station; and this particular radio had been stolen. He was then placed under arrest.

The court did not err in denying the motion to suppress the evidence inasmuch as the defendant voluntarily consented to have the serial number and model number checked to determine if it had been stolen. "Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854)." *McKendree v. State,* 133 Ga. App. 295 (211 SE2d 154).

2. Proof of possession of recently stolen property alone does not authorize an inference that the purchaser received it with knowledge that it was stolen. *Clarke v. State,* 103 Ga. App. 739 (120 SE2d 673); *LaRoche v. State,* 140 Ga. App. 509 (231 SE2d 368). In the case sub judice the CB radio was shown to have been stolen on August 30, 1976, from the owner thereof who produced a receipt for

its purchase. On September 16, 1976, some 17 days later, it was found in the possession of defendant who advised the police officer it was purchased from one Joe Barnes, who had sold it to him at a retail record store managed by defendant. The urgency of the seller's desire to sell the CB radio, the unexplained reason for the seller failing to have an accompanying antenna for the unit, the common knowledge that stolen CB radios are frequently trafficked and that when his own automobile was being repaired he had removed the radio for fear someone else would steal it infers knowledge from the circumstances which should excite the suspicions of an ordinarily prudent man in the purchase of property which has recently been stolen. See *Bryant v. State,* 139 Ga. App. 313 (1) (228 SE2d 344). Unexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge. The evidence here was sufficient to sustain the conviction, and neither the general grounds of the motion for new trial nor defendant's motion for directed verdict is meritorious. *Higginbotham v. State,* 124 Ga. App. 489 (1) (3) (184 SE2d 231).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED NOVEMBER 1, 1977 — REHEARING DENIED NOVEMBER 28, 1977 —

*John C. Tyler,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.