## 55181. REESE v. THE STATE.

BANKE, Judge.

The appellant was charged in four separate indictments with four counts of rape, one count of robbery, and one count of armed robbery. He was found guilty on all counts in a single trial. This appeal is from the denial of his motion for new trial.

1. The trial court did not err in overruling the appellant's motion to suppress evidence allegedly seized from his person pursuant to an illegal arrest.

While on routine patrol duty one night, the arresting officer observed the appellant "hurrying" from a lot behind an empty filling station in an area of town where several rapes had been reported over the previous few months. The officer stated that the rapist had been described in police reports as a black male, approximately 5' 9" tall and weighing approximately 200 pounds. He was last reported to have been seen wearing a multicolored shirt and beige pants and was also reported to be armed and to have worn a ski mask on several occasions.

The officer testified that his attention was drawn to the appellant because his clothes and physical characteristics matched the description of the rapist given in the police reports and because he slowed to a walk as soon as he spotted the patrol car. The officer then noticed that the appellant had an object stuffed under his belt which had the appearance of a gun. The officer got out of the patrol car, approached the appellant, and immediately seized this object. It proved to be a plastic penis, or "dildo."

As he seized the dildo, the officer noticed an orange object in the appellant's hand and seized this also. It proved to be a ski mask. The appellant was immediately taken into custody, although he was originally charged not with rape but with "prowling." He was then taken to police headquarters, where he was identified by four rape victims in lineups held that night and the following day, and formally charged with rape.

" 'The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his

shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry [Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)] recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.' Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612)." *Cunningham v. State,* 133 Ga. App. 305, 309 (211 SE2d 150); *Allen v. State,* 140 Ga. App. 828, 831 (232 SE2d 250) (1976). See *State v. Carter,* 240 Ga. 518 (1978).

Although the description of the rapist contained in the police lookout was general, it supplied ample basis to give the officer an "articulable suspicion" that the appellant was wanted for rape and to detain him for questioning. The officer was thereupon authorized to seize the dildo in the reasonable belief that it was a weapon and to seize the ski mask from the appellant's hand in order to determine whether it contained a weapon. See generally Terry v. Ohio, supra; Adams v. Williams, supra. After discovering the ski mask, the officer had sufficient information to warrant the reasonable belief that the appellant was in fact the rapist described in the police reports. He was accordingly authorized to make the arrest pursuant to Code Ann. § 27-207 to prevent a "failure of justice for want of an officer to issue a warrant." See *Sanders v. State,* 235 Ga. 425, 440 (219 SE2d 768) (1975); *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647) (1966).

The fact that the appellant was not initially charged with rape but with another, apparently baseless, charge does not invalidate the arrest. It is clear from the record that the actual reason he was taken into custody was because he was believed to be the rapist and that this belief was a reasonable one under the circumstances. The appellant's assertion to the contrary notwithstanding, this is not a case where an arrest was made on a vague suspicion of some unspecified criminal activity and the suspect later charged with an unsolved crime unrelated to the arrest. On the contrary, here the arresting officer

suspected the appellant of the crime for which he was ultimately charged from the first moment he saw him. It is obvious that the initial charge of "prowling" was made merely as a pretext for taking him into custody until a positive identification could be made by a specific victim. Since we have ruled that no such pretext was necessary, the mere fact that it was used does not require a reversal of the convictions.

2. The appellant further contends that the trial court erred in refusing to suppress testimony regarding the lineups which were held following the arrest and the subsequent in-court identifications made by the four rape victims. He asserts the following reasons: (1) the lineups were the fruit of an illegal arrest; (2) he was unlawfully prevented from securing the presence of his retained counsel; (3) one of the victims had recently been shown a photograph of the appellant; and (4) another of the victims identified the appellant from his voice, which she said was not similar to the voices of the other members of the lineup.

We have previously disposed of the arrest issue in Division 1 of this opinion. With regard to the absence of the appellant's attorney, we find no indication that the police were responsible for this. They merely declined to delay the lineups when the appellant was unable to locate him on the telephone. It is well settled, of course, that an accused has no automatic constitutional right to counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972); *West v. State,* 229 Ga. 427 (192 SE2d 163) (1972); *Wilson v. State,* 237 Ga. 657 (1) (229 SE2d 424) (1976). Under the circumstances of this case, we do not find that the absence of counsel invalidated the lineups.

Although it is true that one of the victims had seen a photograph of the appellant a few hours before seeing him in the lineup, this in itself amounted to a positive identification under the circumstances, since she chose the photograph from among six others showing men similar in appearance. She had previously viewed hundreds of photographs of other persons in an attempt to identify the rapist, without choosing any of them. It does, not appear that the photographic display from which this

witness identified the appellant was in any way suggestive, or, therefore, that it gave rise to a "substantial likelihood of irreparable misidentification." Accordingly, it could not have tainted the subsequent lineup identification. See *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775) (1974); *Fleming v. State,* 236 Ga. 434, 436 (224 SE2d 15) (1976); *Heyward v. State,* 236 Ga. 526 (1) (224 SE2d 383) (1976); *Dodd v. State,* 236 Ga. 572, 573-574 (224 SE2d 408) (1976). Similarly, it has not been shown that the victim who identified the appellant from his voice did so because of any suggestiveness in the identification procedure or that the appellant was in any way caused to stand out from the others. The witness, who had never seen her assailant's face, heard each member of the lineup make an identical statement and then chose the appellant because, she said, she recognized his "distinctive" voice. We are not prepared to accept the appellant's contention that this procedure was invalidated by the failure of the police to fill the lineup with other persons having similarly distinctive voices. See generally *Wimberly v. State,* 233 Ga. 386 (3) (211 SE2d 281) (1974).

The testimony on the motion to suppress identification testimony established that each of the victims made an independent, prompt and positive identification of the appellant as her assailant. Each denied having been coached by the police or by anyone else. In the absence of any indication that the procedures used were suggestive or otherwise unreliable, it was not error to deny the motion.

3. During the trial it was revealed that Larry Bailey, the fiance of one of the rape victims, had approached members of the appellant's family with an offer to forestall the appellant's prosecution in return for $5,000. No evidence was introduced to indicate that Bailey's fiance knew about this plan or that she was in any way a participant in it. The testimony indicated only that Bailey told the appellant's family that he would prevail upon his fiance not to prosecute or not to show up in court in return for the $5,000.

Although there was ample evidence introduced in the record to establish that the extortion attempt took place, including the testimony of an FBI agent who

arrested Bailey following the transaction, the trial judge ruled that it was irrelevant and would not allow it to be placed before the jury because there was no evidence that the victim took part in the scheme. The appellant assigns as error both this ruling and the court's alleged refusal to allow the appellant to cross examine the victim about the extortion attempt. He relies on *Billings v. State,* 8 Ga. App. 672 (2) (70 SE 36) (1910), which holds: "It is the right of one accused of a crime to show, if he can, for the purpose of discrediting the testimony of the prosecutor, that his prosecution of the case had its origin in an improper motive. To refuse to permit the defendant to show that such is the case is error, and in a close case is ground for a new trial."

The trial court did not prevent cross examination of the victim as to her involvement in the extortion plan. She was asked about it directly, and she unequivocally denied having known anything about it prior to Bailey's arrest by the FBI. Bailey also denied that she had been a party to the scheme. The only evidence which the appellant offers to the contrary is the fact that the two were on intimate terms with each other and had plans to be married. This was not sufficient to establish a jury question as to her participation as a co-conspirator. Accordingly, the trial judge did not err in refusing to allow evidence of the extortion attempt.

4. It was not error to allow the dildo into evidence, despite its potential for blemishing the appellant's character before the jury. It is well settled that all of the circumstances connected with an accused's arrest, including any items taken from his person, are admissible as evidence at trial, even those that establish the commission of another criminal offense. See *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974); *Bixby v. State,* 234 Ga. 812 (1) (218 SE2d 609) (1975); *Barber v. State,* 142 Ga. App. 156 (235 SE2d 629) (1977). The dildo did not, of course, rise to that level.

5. During direct examination of a police detective, the assistant district attorney asked, "Is that the last rape of this sort that occurred in that area. . ." The appellant moved for a mistrial on the grounds that the state was attempting to prove, and by asking the question had

already insinuated, that because of the appellant's arrest there had been no further rapes in the neighborhood. The motion was denied, and the state withdrew the question.

We cannot agree that this question had the effect which the appellant seeks to ascribe to it. In fact, it appears to have had reference to a point in time well before his arrest. While the question may have been objectionable, it was never answered, and the fact that it was asked did not require the granting of a mistrial.

6. The appellant urges that the court erred in charging the jury that it could consider all of the evidence introduced in the trial in determining whether the state had met its burden of proof as to each of the four indictments. This enumeration is without merit. The accounts given by the four witnesses were decidedly similar, justifying an inference that all four were raped by the same man. "It is well settled by many decisions of this court in rape cases that proof of similar offenses committed by the accused in the same locality, about the same time, and where similar methods were employed by the accused in the commission of such offenses, all as here, is admissible on his trial for the purpose of identifying him as the guilty party and for the purpose of showing motive, plan, scheme, bent of mind, and course of conduct." *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638) (1966). See *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) (1974).

7. The court's charge regarding the state's burden of proof and the quantum of evidence required to convict was correct, although not in the language requested by the appellant. The court defined the elements of each crime charged in the indictments after previously having instructed the jury that each material allegation in the indictments was required to be proven beyond a reasonable doubt. "It is well settled by case law that the charge of the court must be taken in its entirety when considering its impact upon the jurors. [Cits.]" *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166) (1974). Contrary to the appellant's assertion, we do not find that the charge was reasonably susceptible to the interpretation that if the state carried its burden of proof as to any one count, the jury would be authorized to convict on all the other counts.

8. The testimony of the four victims amply supported the verdict, although there were discrepancies in the descriptions which the victims had given in their reports to the police and although the appellant introduced evidence tending to show that he could not have committed the rapes. "As to the general grounds, this court is bound by the 'any evidence' rule and must accept the state's version of the evidence, as was done by the jury and the trial judge." *Franklin v. State,* 136 Ga. App. 47, 48 (220 SE2d 60) (1975). See *Powell v. State,* 235 Ga. 208 (1) (219 SE2d 109) (1975).

No error appearing for any reason assigned, the judgment of the lower court is affirmed.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 5, 1978 — DECIDED MARCH 9, 1978 — REHEARING DENIED MARCH 30, 1978 — CERT. APPLIED FOR.

*Land, Cavalli & Atkinson, J. Richard Edwards, Tyrus R. Atkinson, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.