## 59790. HUMPHRIES v. THE STATE.

Quillian, Presiding Judge.

The defendant appeals his conviction for theft by receiving stolen property. *Held:*

1. The stolen goods consisted of various items of fishing equipment. During cross examination of the confessed thief the defendant's counsel first asked: "you said you left this property in Roy Humphries' [the defendant] carport while he was at work. What was your purpose in leaving it there. A. Well, you see, I didn't have no where else to take it, and I knew that he was expecting some fishing equipment." Objection was interposed and sustained. Counsel subsequently asked the thief if he had a conversation with the defendant about other fishing equipment and received an affirmative response. Counsel then asked: "Then was it because of that conversation that you left the equipment there? A. Yes, sir. Q. Did you think that Roy would think that it was some other equipment? A. Yes." The trial court sustained the district attorney's objection to that question. However, after colloquy between counsel and the judge the defense counsel was permitted to ask the following question of the alleged thief: "Q. Mark, I'm asking you about what was in your mind when you left this fishing equipment in Roy Humphries' carport? Was it in your mind that this property would be confused with other property? A. Yes, sir."

In view of this, the argument by defendant's counsel that he was prevented from introducing evidence to explain the defendant's conduct and ascertain motives pursuant to Code § 38-302 is without merit.

2. The trial judge permitted, over objection, a state's witness to read an inventory of items seized during a search of defendant's home. The list included items other than those charged in the indictment. Thus, it is argued that the trial judge erroneously permitted the admission of evidence of other crimes forbidden by Code § 38-202.

While it is true that evidence of the commission of a crime other than the one charged is generally not admissible, there are many exceptions. See *Cox v. State,* 165 Ga. 145 (1) (139 SE 861). In *Bixby v. State,* 234 Ga. 812 (218 SE2d 609), after the defendant was arrested, his automobile was impounded and inventoried. Testimony as to the items found in the automobile was admitted over objection that it was evidence of a separate crime. The Supreme Court affirmed, pointing out that testimony as to circumstances connected with the accused's arrest is admissible even though it incidentally shows the commission of another crime. See *Reese v. State,* 145 Ga. App. 453,

457 (4) (243 SE2d 650).

Moreover, among the other exceptions where evidence of other crimes is permitted are events involving the same transaction (see *Mosley v. State,* 150 Ga. App. 802, 804 (258 SE2d 608)) and facts which show guilty knowledge, intent, motive, etc. As held in *Thomas v. State,* 239 Ga. 734, 737 (238 SE2d 888) "frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature done by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. The relevancy being patent, and other methods of proof being difficult or inadequate, the weight of expediency is in favor of admitting the proof of these other acts, though they themselves constitute crimes." See *Bremer v. State,* 148 Ga. App. 461, 466 (2) (251 SE2d 355). The admission of the evidence was not error.

3. The evidence in this case was circumstantial. "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury." *Neal v. State,* 130 Ga. App. 708, 712 (204 SE2d 451). Thus, the question whether the circumstances were sufficient to show guilty knowledge having been determined by the jury and the verdict not being unsupported as a matter of law, this court will not disturb the finding. See *Orr v. State,* 145 Ga. App. 459, 464 (4) (244 SE2d 247); *Harris v. State,* 236 Ga. 242, 245 (1)(223 SE2d 643). See also *Curry v. State,* 144 Ga. App. 129 (240 SE2d 280).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED APRIL 10, 1980— DECIDED MAY 12, 1980 —

*J. Hue Henry,* for appellant.

*Jeff C. Wayne, District Attorney, Thomas M. Cole, Assistant District Attorney,* for appellee.