## 60876. BRYAN v. THE STATE.

SHULMAN, Presiding Judge.

Defendant appeals his conviction of a violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga.L. 1974, p. 221 et seq.), unlawful possession of diazepam tablets (hereinafter "Valium"), a controlled substance. For the reason set forth in Division 3, we reverse.

1. We reject appellant's contentions of error on the general grounds. Even assuming that appellant did present undisputed evidence that he was lawfully in possession of 20 of the 24 Valium tablets (those 20 being the product of a valid prescription), the evidence was conflicting on the lawfulness of his possession of the four tablets for which he could not produce a prescription. Moreover,

the prescription produced by appellant was written two years prior to the date of his alleged unlawful possession. Insofar as authorizing appellant's possession of those particular tablets of Valium, the validity of the prescription for such tablets was in question.

On the basis of the foregoing conflicting evidence on the issue of the validity of appellant's possession of Valium, appellant was not entitled to a directed verdict. A rational trier of fact could have found defendant guilty beyond a reasonable doubt of the offense charged. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Nor do we find appellant's constitutional attack on Code Ann. § 79A-829 meritorious. See McGuire v. State, 137 Ga. App. 369 (223 SE2d 764).

3. We find, however, under the authority of Nix v. State, 135 Ga. App. 672 (219 SE2d 6), that the trial court erred in failing to charge on appellant's sole defense of lawful possession by virtue of a valid prescription.

The state contends that the trial court's charge that "[t]he burden shall be on the defendant to show his authority to possess as provided by law if he claims lawful possession" satisfactorily encompassed appellant's sole defense. We disagree.

"[A] question of fact was presented as to the applicability of the statutory exception and it was error to fail to instruct the jury on the *specific* exemption raised by defendant as his sole defense." (Emphasis supplied.) Id. p. 674. For this reason, the judgment of the trial court must be reversed.

4. Appellant contends that the trial court erred in admitting testimony, over his objection, implicating him with the commission of separate and independent crimes. Specifically, appellant complains of the admission of evidence that he was found in possession of marijuana and a "Weekly Time Book" at the time of his arrest for possession of diazepam. In addition to the testimony that appellant was found in the possession of marijuana, the state was permitted (over defense objection) to present evidence that the Weekly Time Book contained notations referring to transactions in large quantities of marijuana.

Appellant initially objected to the introduction of the complained of evidence. His failure to renew his objection (in the absence of an express waiver) does not forbid this court's consideration of his objection on appeal. See Kilgore v. State, 247 Ga. 70 (274 SE2d 332), reversing 155 Ga. App. 739 (272 SE2d 505).

We recognize "that where evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime" (*Barber v. State,* 142 Ga. App. 156 (235 SE2d 629)), but we cannot

agree with the state's contention that such purpose was shown here.

"The Supreme Court recognized in *Bixby v. State,* 234 Ga. 812 (218 SE2d 609) (1975) that two competing principles must be considered in deciding whether to admit testimony relating to an offense other then the one charged. 'On the one hand, we have the rule that evidence of the commission of a crime other than the one charged is generally not admissible. [Cits.] On the other hand, we have the rule that testimony as to the circumstances connected with the arrest is admissible. [Cits.]' " *Martin v. State,* 143 Ga. App. 875 (2) (240 SE2d 231).

We believe that the state's failure to show the relevance of the marijuana and the Weekly Time Book to the circumstances surrounding appellant's arrest should preclude the admission of that evidence. We recognize, however, that the Supreme Court's holding in *State v. Luke,* 232 Ga. 815 (209 SE2d 165), would seem to mandate a contrary result.

*State v. Luke* implies that any evidence, even if it incidentally shows the commission of another crime, is admissible if it is temporarily related to an arrest. *State v. Luke* supplants and, indeed, undermines the court's subsequent holding in *Bixby,* which recognizes that the general rule admitting evidence of the circumstances of an arrest must be balanced against the general rule prohibiting the introduction of evidence of an independent crime. *State v. Luke* holds that evidence of an independent crime, regardless of its relevancy to the circumstances of an arrest and regardless of its inculpatory and prejudicial effect on the defendant, is admissible as a circumstance of the arrest. We think such holding is overbroad and, therefore, ripe for abuse. We suggest that the Supreme Court take cognizance of the seeming discrepancy between *Bixby v. State* and *State v. Luke* and overrule *State v. Luke* to the extent that it eliminates the balancing test set forth in *Bixby.*

In order for evidence of an independent crime to be admissible as a circumstance of an arrest, it is our belief that it must be *relevant* to the circumstances of the arrest, which circumstances must, in turn, be *relevant* to the crime for which the defendant is on trial. In the instant case, in view of the fact that the complained of testimony undeniably put the defendant's character in issue, implying his commission of the offense of possession of marijuana; that he was a "dealer" in large quantities of marijuana; and that such testimony was not necessary or relevant to the circumstances of appellant's arrest, that testimony should not be admitted. See *Martin,* supra. See, generally, *Dunkum v. State,* 138 Ga. App. 321 (1) (226 SE2d 133). Compare *Barber,* supra, where testimony that the defendant offered to sell the officer drugs just before stealing the officer's wallet was

clearly admissible as showing the circumstances of the defendant's arrest. However, as stated above, we note that we are, at present, bound by the Supreme Court's holding in *State v. Luke,* which would render the complained of evidence admissible as a circumstance of defendant's arrest.

5. The trial court's charge on confessions was not error. The statement made by appellant to the arresting officer could reasonably be construed as a confession inasmuch as the officer testified that appellant admitted possessing the drugs without a prescription. See, e.g., *Nelson v. State,* 113 Ga. App. 360 (1) (147 SE2d 838); *Oglesby v. State,* 80 Ga. App. 493 (56 SE2d 637).

6. Nor do we find error in the denial of defendant's motion to suppress. Appellant's waiver of objection to the admission of the Valium tablets at trial precludes this court's consideration of appellant's contentions of error premised upon the trial court's denial of his motion to suppress the tablets. *Carter v. State,* 137 Ga. App. 823 (225 SE2d 64).

7. Since remaining enumerations of error are not likely to recur at new trial, we need not address them on appeal.

For the reason stated in Division 3 above, the judgment of the trial court is reversed.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 24, 1981.

*Stephen E. Curry,* for appellant.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.