63453. JIMERSON v. THE STATE.

POPE, Judge.

Thomas Jimerson appeals his conviction of possession of heroin. *Held:*

1. A search of defendant's residence pursuant to a warrant resulted in the seizure of glassine bags containing heroin from an electrical wall socket in the master bedroom, a quantity of marijuana which was found in and around the bathroom toilet, a quantity of marijuana found in the kitchen on top of and around approximately $155.00 in cash, 40-50 glassine bags containing a white powdery residue found in the kitchen, $3,100.00 wrapped in aluminum foil and hidden in a plastic container of powdered detergent, and two pistols in the bedroom under the mattress. The defendant was then placed under arrest.

A motion to suppress all these items except the heroin for which the defendant was on trial was made and denied. The evidence was properly admitted. "It is well settled that all of the circumstances connected with an accused's arrest, including any items taken from his person, are admissible as evidence at trial, even those that establish the commission of another criminal offense." *Reese v. State,* 145 Ga. App. 453, 457 (243 SE2d 650) (1978). This rule has been followed in numerous cases, and no distinction has been made between cases where the discovery of contraband under a search warrant preceded the arrest and cases where the arrest without warrant discovered the contraband during a contemporaneous search. Where the search reveals both the drug for which the defendant is on trial and another not included in the indictment, it is nevertheless admissible as a part of the res gestae. *Sherrill v. State,* 158 Ga. App. 564 (4) (281 SE2d 313) (1981). *Bixby v. State,* 234 Ga. 812

(218 SE2d 609) (1975), and *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974), recognize that this rule may collide head on with the other crimes exception set out in *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952), and *Cox v. State,* 165 Ga. 145 (1) (139 SE 861) (1927). Nevertheless, *State v. Luke,* supra, and its progeny are invariably given precedence when such occasion arises. The conflict is again pointed out in *Bryan v. State,* 157 Ga. App. 635, 637 (278 SE2d 177) (1981), where this court stated: "We suggest that the Supreme Court take cognizance of the seeming discrepancy between *Bixby v. State* and *State v. Luke* and overrule *State v. Luke,* to the extent that it eliminates the balancing test set forth in *Bixby.*" In the present case it seems probable, regardless of the precedential requirements of *State v. Luke,* supra, that evidence of other concealed drugs (marijuana) was properly admitted as a part of the res gestae. The firearms were definitely seized as contraband. The money was not, so far as this evidence shows, property illegally possessed, but the fact that it was hidden (the contraband was also put in places of concealment) is a circumstance which, under present law, may be considered by the jury also as a part of the res gestae. Defendant contends that the money did not in fact belong to him but to another person on the premises. Evidence to this effect, of course, would always be admissible to exonerate the defendant. It was not error to admit the testimony complained of.

2. Following the trial court's charge to the jury, defendant excepted to the instruction relating to other or similar offenses. The instruction excepted to reads: "Whether he has or has not committed other or similar offenses, as I have explained to you, is a matter for you to determine; but if you believe that the defendant has had similar transactions, you will bear in mind, in connection with such evidence, you are considering it solely with reference to the mental state or intent of the defendant insofar as the same . . . illustrates the charge embraced in this bill of indictment. . . ." In our view, proof of defendant's possession of firearms, large concealed amounts of cash, and an illegal drug other than heroin could be considered by the jury in determining whether or not defendant had the requisite criminal intent to possess the heroin.

Persons who sell drugs generally deal in cash and those who sell large quantities of drugs or expensive drugs often accumulate large quantities of cash. In order to protect their money and drug supply from others and on occasion to protect themselves from police officers, illicit drug dealers have been known to possess firearms. Finally, the crime of possession of one type of illegal drug is a crime closely associated with the crime of possession of an illegal drug of another type. The fact that particular drugs and the quantity of each

may make the severity of the two crimes differ greatly does not necessarily affect the similarity of the offenses. Defendant argues that the marijuana found in the present case was less than an ounce and therefore indicates it was probably for personal use. We disagree. The small amount of marijuana and large quantity of cash could just as reasonably indicate that defendant had already sold an additional amount of marijuana. Of course, such evidence could indicate that defendant may have already sold a quantity of either or both of the illegal drugs seized from his premises.

In any event, we find no error with the charge to the jury on similar offenses in the present case for any reason assigned by defendant and affirm the judgment of the trial court.

*Judgment affirmed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong, Carley and Sognier, JJ., concur. Deen, P. J., dissents.*

DECIDED JULY 13, 1982.

*Grayson P. Lane,* for appellant.
*Glenn Thomas, Jr., District Attorney, John Johnson, Jim Chamberlin, Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge, dissenting.

I recognize that with *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980) the "other crimes" rule as enunciated in *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952) has been emasculated insofar as questions of identity are concerned. But even *Johnson* did not hold that evidence of other crimes was admissible merely to show intent. As Justice Hill, dissenting in *Johnson,* supra, pointed out, quoting from *Bacon,* "Criminal intent is an essential element in every crime where criminal negligence is not involved; and to hold . . . that evidence of other offenses is always admissible to show intent . . . would be to abolish the general rule, and to establish the exception." I am still of the opinion that evidence of criminal possession of a drug for which the defendant is not on trial should not be considered, as the majority opinion holds, "in determining whether or not defendant had the requisite criminal intent to possess the heroin" for which he was on trial. For this reason I consider the jury instructions in question to be error and must respectfully dissent.