68316. CARSON v. THE STATE.

BIRDSONG, Judge.

Rudolph Carson was convicted of aggravated assault by shooting another with a pistol. He was sentenced to twelve years, six to serve followed by six on probation with restitution for medical expenses. Carson brings this appeal enumerating only one error, the sufficiency of the evidence to sustain the verdict and sentence. *Held*:

Viewing the evidence in the light most supportive of the verdict, as we must (*Rhodes v. State*, 239 Ga. 257, 259 (236 SE2d 609); *Dunn v. State*, 141 Ga. App. 853 (1) (234 SE2d 687)), we find the jury was warranted in concluding that Carson for the several days prior to the shooting was on an alcoholic binge. During this time, he entered into a meretricious relationship with a female (not his wife) and paid her $150 for services rendered. He appeared back home in an intoxicated condition and caused his wife to stop payment on checks issued to the other female and seemed nervous and upset. At the end of this "lost week," Carson, just prior to dawn, went to the bedroom window of the room where he had slept with the female two nights before. He shot a pistol at an angle rather than straight into the room and slightly downward so that the person recumbent in the bed was struck by three bullets in the head. This warranted a conclusion that the shots were deliberately aimed rather than randomly discharged. After the shooting, it was determined that the person shot was a nine-year-old child. Carson asked a police officer who it was he had shot; told a resident of the house that he had intended to shoot the adult female; and stated that the investigation should show why he had to pull the trigger.

Opposed to this testimony was evidence that Carson had never behaved in this fashion before; that during this several day period he performed numerous bizarre acts totally out of character; that he had an excellent reputation for peaceableness and law abidance; and that he was in fact an alcoholic who unwittingly had ingested Librium (a mild depressant) while grossly intoxicated and had a high sugar level in his blood. Expert testimony was introduced to show that Carson probably could not have formed an intent to do the act of violence charged.

The jury was fully and correctly charged on the issue of mental illness and lack of mental responsibility resulting from the involuntary ingestion of drugs and as to intoxication depriving one of the ability to formulate an intent. Each defensive issue raised by Carson received appropriate instructions from the trial court and Carson raises no question as to the adequacy of the charge.

The jury is the arbiter of conflicting issues of fact. *Sims v. State*, 137 Ga. App. 264 (223 SE2d 468). On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence. *Strong v. State*, 232 Ga. 294, 298 (206 SE2d 461). It is our duty on appeal to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury. *Ingram v. State*, 204 Ga. 164, 184 (48 SE2d 891); see also *Powell v. State*, 235 Ga. 208 (1) (219 SE2d 109). We are satisfied that the evidence in this case was sufficient to convince any rational trier of fact beyond reasonable doubt that Carson was aware of his actions and fully intended its consequences and, thus, of his guilt. *Proctor v. State*, 235 Ga. 720, 721 (221 SE2d 556); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 27, 1984 —
REHEARING DENIED JULY 10, 1984.

*Alvin C. McDougald*, for appellant.
*Willis B. Sparks III, District Attorney*, for appellee.