69160. MOWELL v. THE STATE.
(324 SE2d 210)

BIRDSONG, Presiding Judge.

Raymond Bryan Mowell was convicted of aggravated assault upon a police officer in the execution of his duties. Mowell was sentenced to fifteen years with six to serve and the remainder on probation. He brings this appeal enumerating a single error. *Held*:

The alleged crime of aggravated assault occurred when several police officers converged on the house in which Mowell was residing. Mowell was being sought for harboring a runaway and for his own escape from a correctional institution. Mowell attempted to flee in an auto but his escape was blocked when two police cars pulled into Mowell's driveway as Mowell was attempting to back out into the street. Mowell accelerated forward and drove around his mother's house (where he had been hiding) and escaped. A police officer who had been guarding the rear of the house had entered the yard of the house and was approaching the carport and drive. The officer was in the yard when Mowell drove through to the back. The officer testified that Mowell had him (the officer) in the car lights and that he had to be clearly visible to Mowell. The officer testified Mowell apparently

deliberately sought to run into him with the speeding auto or to frighten the officer out of Mowell's path. The officer was compelled to fire a round at Mowell because he felt his life was in danger. Mowell on the other hand argued that he saw the officer in the yard, that the officer was not in his path and he never attempted to hit the officer or even to drive close.

The State sought to offer evidence of a prior conviction occurring fourteen months earlier in which Mowell had become involved in a right-of-way dispute with another motorist and ultimately made an attempt to run over the other motorist shortly after the incident. Mowell had entered a plea of guilty to two counts of simple assault arising out of that earlier incident and it was from the resulting confinement that the charge of escape arose for which the officers were seeking to apprehend Mowell. Initially the trial court refused to allow the evidence of the prior criminal conduct because the State had not shown the relevance of the prior offense. However when the conflict as to Mowell's actions and attendant intent arose, this evidence was admitted by the court without objection by Mowell.

Although the defense had objected to the admission of any evidence of prior crimes early in the trial, no objection was voiced when, in rebuttal to the defense assertion of innocence, the State offered evidence showing that in an earlier stressful situation Mowell displayed a bent of mind to use his auto as a weapon. It is clear that failure to make a timely and specific objection at the time to the admission of evidence constitutes a waiver of the admissibility issue. *Seabrooks v. State*, 251 Ga. 564, 567 (308 SE2d 160).

Moreover, evidence of an independent crime is admissible if it tends to prove bent of mind. The fact that in an earlier stressful situation Mowell drove his car at a walking person shows a bent of mind exception to the admissibility limitation. *Millwood v. State*, 164 Ga. App. 699, 701 (296 SE2d 239). The trial court was confronted with the fourteen-month lapse of time between the two incidents and the relevancy of the prior crime as opposed to its potential prejudice. There was no dispute that the incident happened substantially as the State maintained. The only issue was the appellant's state of mind. Thus, we find no abuse of discretion in the allowance of this prior misconduct to illuminate the only contested issue. *Felker v. State*, 252 Ga. 351, 359 (1) (314 SE2d 621); *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED NOVEMBER 19, 1984.

*Roland R. Castellanos, Robert W. Shurtz,* for appellant.

*Thomas J. Charron, District Attorney, James T. Martin, Debra H. Bernes, Assistant District Attorneys,* for appellee.