## 76138. ROBERSON v. THE STATE.
### (368 SE2d 568)

BANKE, Presiding Judge.

The appellant was found guilty of committing an aggravated assault upon Cook County Deputy Sheriff Wesley Griner "by pointing a 20-gauge shotgun, a deadly weapon, at the person of Wesley Griner and threatening to shoot said Wesley Griner with said deadly weapon." This appeal is taken from the denial of the appellant's motion for new trial.

On the date alleged in the indictment, Griner was dispatched to investigate a domestic dispute reported to be in progress at the appellant's residence in Cook County. Upon his arrival at the scene, he heard a woman scream and thereafter observed the appellant's wife running towards him from behind the residence, followed closely by the appellant, who was pointing a shotgun at her back. Griner testified that, as the appellant's wife and her son were standing at his side, the appellant asked him if he had a warrant and, upon learning that he did not, told him, "Well, if you don't have a warrant, get your ass off of my property or I'll blow your ass off of it." After giving the appellant's wife and her son an opportunity to leave, Griner departed the premises, without attempting to make an arrest.

The next day, the appellant's wife swore out a warrant against the appellant for simple battery. Later that day, Deputy Sheriff Scott Stalnaker of the Berrien County Sheriff's Department confronted the appellant at the residence of the appellant's father in Berrien County, seeking to execute this warrant. Deputy Stalnaker testified that the appellant pointed a shotgun at him at this time and threatened to shoot him. Only after additional law enforcement officers arrived at

the scene and the Berrien County Sheriff confronted the appellant while carrying a shotgun and wearing a bulletproof vest did the appellant put down his shotgun, thereby enabling the officers to overpower him and take him into custody. *Held*:

1. On the basis of the evidence presented at trial, a rational trier of fact could reasonably have found the appellant guilty beyond a reasonable doubt of committing an aggravated assault upon Deputy Griner. See generally *Jackson v. Virginia*, 433 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The appellant's contention that there was no evidence from which it could be inferred that he actually pointed the shotgun at the deputy is without merit. The manner in which the appellant had held the shotgun during his confrontation with Griner was the subject of a demonstration at trial, and the deputy testified that if the shotgun had gone off while the appellant's wife and her son were standing beside him, "it would have probably shot me or his wife or her son, you know, probably from the waist down into the legs." Any conflict between the deputy's testimony on this issue and that of the appellant's witnesses was for the jury to resolve. "On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence." *Carson v. State*, 171 Ga. App. 527, 528 (320 SE2d 382) (1984). The trial court did not err in denying the appellant's motion for directed verdict, nor in rejecting the general grounds of his motion for new trial.

2. In two separate enumerations of error, the appellant contends that the state should not have been allowed to bring to the jury's attention the events which occurred in Berrien County on the day following the events for which he was on trial. The evidence in question was clearly admissible as evidence of a similar transaction or occurrence tending to establish the appellant's state of mind and thereby to prove his commission of the offense alleged in the indictment. On both occasions, the appellant had threatened to shoot one or more law enforcement officers with a shotgun while the officers were engaged in the lawful discharge of their official duties. The two transactions were additionally connected in that they occurred within a day of each other and in that the second stemmed directly from the first. It follows that these enumerations of error are without merit. Accord *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980); *Millwood v. State*, 164 Ga. App. 699, 700 (296 SE2d 239) (1982); *Mowell v. State*, 172 Ga. App. 641 (324 SE2d 210) (1984).

3. The appellant contends that the trial court erred in charging the jury on the statutory right of a law enforcement officer to arrest with or without a warrant upon probable cause to believe that an act of family violence has been committed. See OCGA §§ 17-4-20 (a); 19-13-1. The appellant took the position at trial that if he had committed any criminal misconduct in Griner's presence, Griner could have

arrested him then and there, without waiting for a warrant. Thus, the jury charge in question may actually have been helpful to the appellant. At worst, it must be considered harmless. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

Judgment affirmed. *Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 8, 1988.

*Robert B. Ellis, Jr.,* for appellant.

*Lew S. Barrow, District Attorney, Timothy L. Eidson, Assistant District Attorney,* for appellee.