## A90A0248. TERRY v. THE STATE.
### (394 SE2d 132)

McMURRAY, Presiding Judge.

Defendant was convicted of two counts of aggravated assault (assault with a deadly weapon) and criminal damage to property in the second degree. Following the denial of his motion for a new trial, defendant appeals. *Held*:

1. Several persons testified that defendant fired shots at the victims (defendant's brother-in-law and the brother-in-law's fiancee) and the victims' automobiles and residence. The victims testified that they feared for their lives. One of the victims testified that he expended $758 to repair one of the automobiles involved in the shooting. Pictures of the automobiles and the victims' residence were admitted in evidence. This evidence adequately supports the aggravated assault and criminal damage to property in the second degree convic-

tions under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Roberson v. State*, 186 Ga. App. 808, 809 (1) (368 SE2d 568); *Holbrook v. State*, 168 Ga. App. 380 (308 SE2d 869).

2. The trial court did not err in permitting testimony concerning threats which defendant made to his estranged wife and mother-in-law during the early morning hours on the day in question. The threats were logically connected to the aggravated assaults upon defendant's brother-in-law and the brother-in-law's fiancee "in that they were part of a crime spree, showing a course of conduct which led to the crime for which the [defendant] was indicted and convicted. [Cits.]" *Lobdell v. State*, 256 Ga. 769, 772 (2) (353 SE2d 799).

3. Over defendant's "hearsay" objection, the trial court permitted one of the victims to testify that he obtained two estimates to repair his automobile and that the estimates exceeded $500. (The trial court did not permit the written estimates to be introduced in evidence.) Assuming, arguendo, the trial court erred in permitting the victim to testify about the estimates, we find no harm requiring reversal in view of the victim's testimony (see Division 1) that he ultimately expended more than $500 to repair his automobile. See *McConnell v. State*, 235 Ga. 366, 367 (220 SE2d 5). See also *Harden v. Drost*, 156 Ga. App. 363, 364 (1) (274 SE2d 748).

4. Defendant contends the trial court erred in refusing to permit him to introduce an out-of-court statement for impeachment purposes. This contention is without merit. Although the statement was ruled inadmissible for purposes of impeachment, it was ruled admissible to explain defendant's conduct. Defendant cannot complain that the evidence was admitted under a rationale different from the one he proposed.

5. We will not entertain defendant's contention that the trial court erred in charging the jury regarding the law of aggravated assault. Asked if he had any objections to the recharge, defendant's counsel stated he had none. Accordingly, any objection to the charge was waived. *Brown v. State*, 167 Ga. App. 61, 62 (3), 63 (305 SE2d 870).

6. The trial court did not err in charging the jury that if it believed from the evidence that defendant was guilty beyond a reasonable doubt, it would be its "duty to convict" him. *Noggle v. State*, 256 Ga. 383, 385 (2) (349 SE2d 175).

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I concur fully in the judgment and in all divisions except Division 4. With regard to Division 4, if the out-of-court statement had been

ruled inadmissible for purposes of impeachment as posited by the majority, the majority's holding in Division 4 would not be correct. However, my review of the record indicates that the trial court did not rule the statement inadmissible for purposes of impeachment. Therefore, there was no error.

DECIDED MAY 3, 1990.

*R. H. Alexander III, Leigh B. Finlayson*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Patsy Y. Porter, Richard E. Hicks, Assistant District Attorneys*, for appellee.