A90A2242. WILLIAMS v. THE STATE.
(402 SE2d 796)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of burglary and aggravated assault. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the evidence was insufficient to support his burglary conviction and argues that his accomplice's testimony "should have been given no credibility by the trial jury . . ." and that

"[t]he only other evidence introduced at trial which placed [him] inside the [victim's] residence . . . was the presence of the stolen weapons in the automobile which was occupied by both [defendant] and [the accomplice]."

"In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8 (Code Ann. § 38-121). The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. *Allen v. State*, 215 Ga. 455 (111 SE2d 70) (1959). 'However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support the verdict. (Cit.)' *Reaves v. State*, 242 Ga. 542, 543 (250 SE2d 376) (1978)." *Castell v. State*, 250 Ga. 776, 778 (1c), 780 (301 SE2d 234).

In the case sub judice, defendant's accomplice testified that he and defendant burglarized the victim's home and took "two guns and a little box. . . ." The accomplice further testified that as he and defendant were leaving the scene of the burglary the victim "pulled up behind [them] and . . . flashed his lights . . . for us to stop and we pulled over." The accomplice testified that a verbal confrontation ensued between defendant and the victim; that defendant "got in the car and drove off . . ."; that he (accomplice) fled on foot and that the victim entered his car and "started to chasing . . ." defendant. The victim testified that defendant came by his house on the day of the burglary looking for work; that he later "saw [the] car [defendant was driving when he came by looking for work] coming out of [his] driveway . . ."; that he followed defendant and signaled for defendant to stop; that defendant did stop and that a verbal confrontation ensued between him and defendant because the victim saw what "looked like rifles or guns . . ." behind the driver's seat of defendant's car. The victim further testified that defendant "jumped in the car and drove off . . ." after he confronted defendant with being in possession of what appeared to be the victim's "rifles or guns . . ."; that he followed defendant and that defendant ultimately stopped his car in the middle of the road, exited the vehicle and ran toward the victim with a rifle, firing several rounds at the victim. Deputy James Edge of the Worth County Sheriff's Department testified that he investigated the incident and found "a bullet hole in the grille and the radiator" of the victim's car. The defendant's brother testified that defendant turned the victim's stolen guns over to him and that the guns were subsequently recovered by the police. The victim's testimony and the defendant's brother's testimony sufficiently corroborated the accomplice's testimony that defendant burglarized the victim's home.

Further, we have reviewed the trial transcript and find more than sufficient evidence to authorize the jury's finding that defendant was guilty, beyond a reasonable doubt, of burglary as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Adams v. State*, 255 Ga. 356, 357 (1) (338 SE2d 860).

2. Defendant contends that there was insufficient evidence to authorize his conviction for aggravated assault because "the state failed to produce sufficient evidence to show that [he] 'intended' to make an assault upon the [victim]." More specifically, defendant argues that his testimony that he shot at the victim to defend himself and his testimony that he is familiar with weapons, along with "the fact that [there] was a lone shot to the front grille of the [victim's] automobile rather than a shot to the windshield area of the car shows that he did not intend to harm the [victim], rather that he fired merely to scare [the victim]."

" 'On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence.' *Carson v. State*, 171 Ga. App. 527, 528 (320 SE2d 382) (1984)." *McClendon v. State*, 187 Ga. App. 666, 668 (371 SE2d 139).

In the case sub judice, the jury was authorized to reject defendant's claim of self defense and defendant's explanation for hitting the grille of the victim's car instead of the windshield. *McClendon v. State*, 187 Ga. App. 666, 667, supra. Further, the victim's testimony that defendant shot at him with a rifle, evidence that a bullet hit the victim's automobile and evidence that defendant was in possession of the victim's rifle was sufficient to sustain the jury's finding that defendant is guilty, beyond a reasonable doubt, of aggravated assault as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307, supra; *Adams v. State*, 255 Ga. 356, 357 (1), supra.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 26, 1991.

*Herbert W. Benson*, for appellant.
*David E. Perry, District Attorney, Howard B. Buchanan, Assistant District Attorney*, for appellee.