## A91A0671. BLACKSHEAR v. THE STATE.
(406 SE2d 269)

SOGNIER, Chief Judge.

Carl Blackshear was convicted of three counts of aggravated assault, and he appeals.

1. Appellant contends the weight of the evidence does not support his conviction. "[O]n appeal, this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Dearmore v. State*, 196 Ga. App. 865, 866 (1) (397 SE2d 200) (1990). Construed to support the verdict, evidence showed that after appellant had an argument on the afternoon of April 20, 1990 with his aunt, Cleasie Blackshear, he visited his uncle, Robert Torrence, who owned a Bryco .380 calibre automatic handgun. About 11:45 p.m. that same day, at least three bullets were fired into the kitchen of Cleasie Blackshear's mobile home, where her relatives, Primus Simmons III, James Simmons, and Larry Simmons, were talking. Primus Simmons was hit in the abdomen by one of the bullets. One bullet was found on the floor and a second bullet was extracted from the wall by Larry Simmons. Expert testimony was presented that the bullets recovered from the Blackshear home were fired from Torrence's gun. Lloyd Gibbs, the Wilkinson County sheriff, testified that based on information from people at the scene of the shooting and from the Twiggs County Sheriff's Office, he and several deputies found appellant at his sister's home less than two hours after the shooting. Appellant was in possession of Torrence's gun and threatened to shoot Gibbs, who attempted, without success, to persuade appellant to put down the gun. Torrence testified that he was on his way to report that his gun was missing when, seeing police vehicles at his niece's home, he stopped and persuaded appellant to surrender the weapon. Even after the weapon was retrieved, appellant struggled with the police officers who were trying to take him into custody.

Appellant testified that upon seeing a friend enter Cleasie Blackshear's home, he walked up to speak to the friend, whereupon Blackshear ran outside and started shouting at and threatening appellant. Appellant left and went to Torrence's house, where he stated he got the gun in order to defend himself. He testified that knowing his aunt was on her porch, he fired the gun six times outside into the air in order to scare her so she would not bother him. He stated that when Sheriff Gibbs arrived at appellant's sister's home, Gibbs approached appellant with a drawn pistol. Appellant testified that the .380 was in his pocket and that he placed it on the couch, denying that he had threatened the officer.

We find that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the three counts of ag-

gravated assault under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Terry v. State*, 195 Ga. App. 505 (1) (394 SE2d 132) (1990).

2. Appellant contends the trial court erred by denying his motion to exclude testimony by Sheriff Gibbs and other witnesses regarding the confrontation between appellant and the police leading up to appellant's arrest because it showed crimes for which appellant was not charged in the Wilkinson County indictment. Appellant asserts in his brief that criminal charges stemming from this confrontation were pending in Twiggs County at the time of his trial. " 'It is well settled that all of the circumstances connected with an accused's arrest . . . are admissible as evidence at trial, even those that establish the commission of another criminal offense.' [Cit.]" *Jimerson v. State*, 163 Ga. App. 54 (1) (293 SE2d 513) (1982). Furthermore, we note that the challenged evidence showed that less than two hours after the shooting appellant was found in possession of the gun that fired the bullets that struck Blackshear's home and hit Primus Simmons, and that appellant was in a violent and confrontational mood. Accordingly, the evidence was admissible under the balancing test set forth in *Bixby v. State*, 234 Ga. 812, 813-814 (1) (218 SE2d 609) (1975). See *Jimerson*, supra at 54-55 (1). We find no error in the admission of this evidence. See *King v. State*, 163 Ga. 313, 317-318 (1) (136 SE 154) (1926).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 31, 1991.

*Waddell, Emerson, George & Buice, Hulane E. George*, for appellant.

*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.