S95A0845. SMITH v. THE STATE.
(462 SE2d 369)

SEARS, Justice.

Smith was convicted of felony murder and aggravated assault,

and sentenced to life imprisonment.[1] The evidence adduced at trial supported a finding that Smith strangled his neighbor and co-worker, Ellison Starling, after rendering him unconscious by hitting him over the head. Smith was initially arrested for a different murder, confessed to that particular murder during questioning, and signed a waiver of rights form. Immediately thereafter, Smith confessed to the murder of Starling. Smith contends that the admission into evidence of his signed waiver of rights form with regard to his first confession impermissibly placed his character in issue in the present matter by showing the commission of a different crime. We find that the waiver of rights form was properly admitted as evidence of both the voluntariness of Smith's confession to the instant murder and the circumstances of Smith's arrest. See *Parker v. State*, 255 Ga. 167, 168 (336 SE2d 242) (1985); *Bixby v. State*, 234 Ga. 812, 814 (218 SE2d 609) (1975). Thus, its incidental showing of the commission of a different crime did not mandate its exclusion. *Bixby*, supra.[2] After carefully reviewing the record, we find no error in Smith's remaining enumerations.[3]

Further, we find that the evidence was sufficient to allow a rational trier of fact to find Smith guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 1995.

*Sarina J. Woods*, for appellant.
*Lewis R. Slaton, District Attorney, Penny A. Penn, Leonora Grant, Assistant District Attorneys, Michael J. Bowers, Attorney General*, for appellee.

---

[1] The crime was committed on January 8, 1993. Smith was indicted on February 3, 1993, the trial began on September 21, 1993, and Smith was sentenced on September 24, 1993. Smith filed his motion for new trial on October 22, 1993. The transcript was certified by the court reporter on November 1, 1993, and the trial court denied the motion for new trial on January 12, 1995. Smith timely filed his notice of appeal on February 1, 1995. The appeal was docketed in this Court on February 28, 1995, and submitted for decision without oral argument on April 24, 1995.

[2] Notably, the word "murder" was redacted from the form before it was admitted.

[3] In his remaining enumerations of error, Smith contends that the trial court erred in (1) ruling that one of Smith's peremptory strikes was racially motivated, (2) refusing to allow Smith to strike a juror for cause, (3) disallowing certain questions during voir dire of the jury panel, and (4) finding that his confession to the Starling murder was voluntary.